

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2006

# USA v. English

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3371

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. English" (2006). *2006 Decisions.* Paper 1237.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1237

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-3371

———

UNITED STATES OF AMERICA

v.

DABNEY ENGLISH,

Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. Criminal No. 04-cr-00386)
District Judge: Hon. Christopher C. Conner

———

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2006

Before: SMITH and COWEN, Circuit Judges, and
THOMPSON[*], District Judge

(Filed:  April 20, 2006)

———

OPINION OF THE COURT

———


THOMPSON*, District Judge.

———

   [*] Hon. Anne E. Thompson, United States District Judge for the District of New Jersey,
sitting by designation.

Dabney English, a previously convicted felon, was arrested after an altercation at his sister's house, during which he possessed a .25 caliber Raven Arms pistol. He pled guilty to a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and subsequently was sentenced to 60 months in prison. English now appeals from that sentence, arguing that it was unreasonable under United States v. Booker, 543 U.S. 220 (2005), because the district court did not sufficiently articulate its consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). For the reasons provided below, we will affirm. We presume the parties' familiarity with the facts and procedural history, which we include only as necessary to explain our decision.

## I. JURISDICTION

We have jurisdiction to review sentences for reasonableness under 18 U.S.C. § 3742(a)(1). See United States v. Cooper, 437 F.3d 324, 327 (3d Cir. 2006) ("We believe an unreasonable sentence is 'imposed in violation of law' under 18 U.S.C. § 3742(a)(1).").

## II. ANALYSIS

### A. Standard of Review

Because English did not object to the district court's failure to sufficiently articulate the reasons for its sentence, we review that issue for plain error. United States v. Davis, 407 F.3d 162, 164-65 (3d Cir. 2005) (using the plain error analysis when the defendant did not raise the Booker issue before the District Court). In order to establish plain error, the appellant must demonstrate that (1) it was error, (2) the error was plain,

and (3) it affected substantial rights of the defendant. United States v. Evans, 155 F.3d 245, 251 (3d Cir. 1998).

### B. The § 3553(a) Sentencing Factors

When reviewing a district court's sentence, we must be satisfied that it considered the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). See Cooper, 437 F.3d at 329. While a court is not required to discuss or make findings as to each of the § 3553(a) factors, the record must demonstrate that it gave "meaningful consideration" to the factors and took them into account in sentencing. Id. Similarly, while a court need not discuss arguments that are "clearly without merit," it must address any "ground of recognized legal merit" properly raised at sentencing by either the defendant or the prosecution, "provided [the legal ground] has a factual basis." Id. (quoting United States v. Cunningham, 429 F.3d 673, 679 (7th Cir. 2005)).

Our review of the record in the instant case shows that the district court addressed its consideration of the § 3553(a) factors and English's arguments. Specifically, the court found that:

> The sentence imposed satisfies the purposes set forth in Title 18 of the United States Code, Section 3553(a), including the necessity of deterrence and just punishment, promotion of respect for the law, protection of the public, avoidance of unwanted disparities, and assurance of correctional treatment for the defendant, *and reflects this court's full consideration of all factors relevant to the sentencing determination*, including the nature and seriousness of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the advisory range and policies prescribed by the sentencing commission.

(App. 61.)

Further, the district court discussed English's request to serve the sentence concurrently with a separate sentence he had received from an earlier weapons charge and conviction. In denying that request, the court stated: "I reviewed English's correspondence to me before I imposed that sentence, and so it was my intent that the sentence run consecutively. I did not overlook those submissions, I should state for the record, but that sentence will be consecutive." (App. 62.) Cooper does not require an express articulation of each factor under § 3553(a). The record need only show the district court's meaningful consideration of the § 3553(a) factors at sentencing. Cooper, 437 F.3d at 329. We are satisfied that these statements, and the record as a whole, demonstrate the district court's meaningful consideration of both the § 3553(a) factors and the issues raised by English's counsel.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment of sentence.