

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2006

# USA v. Cunningham

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3535

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Cunningham" (2006). *2006 Decisions.* Paper 1211.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1211

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-3535

———

UNITED STATES OF AMERICA

v.

TOBIAS A. CUNNINGHAM,
a/k/a TC

Tobias A. Cunningham,

Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 02-cr-00237)
District Judge: Hon. Sylvia H. Rambo

———

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2006

Before: SMITH and COWEN, Circuit Judges, and
THOMPSON[*], District Judge

(Filed April 26, 2006 )

———

OPINION OF THE COURT

———

_____

[*] Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

THOMPSON, District Judge.

Tobias A. Cunningham was convicted by a jury of criminal conspiracy, 18 U.S.C. § 371; armed bank robbery and bank robbery, 18 U.S.C. § 2113(a) and (d); and use of a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(I). The district court sentenced Cunningham to an aggregate term of 270 months imprisonment, five years supervised release, and restitution of $388,120. The sentence reflected an upward departure of one level under U.S.S.G. § 5K2.3 on the ground that the victims of the robbery suffered extreme psychological injury. Cunningham filed his first timely appeal to this Court, in which he argued that the district court made erroneous evidentiary rulings and the prosecutor engaged in misconduct. He did not challenge the sentence or the one level upward departure. This Court affirmed the district court's ruling. United States v. Cunningham, No. 03-4585, 2004 WL 2190957 (3d Cir. Sept. 30, 2004).

Cunningham later brought a motion in this Court for re-sentencing pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Consistent with this Court's ruling in United States v. Davis, 407 F.3d 162 (3d Cir. 2005), Cunningham's sentence was vacated and the matter was remanded to the district court for re-sentencing. See United States v. Cunningham, No. 03-4585, 2005 U.S. App. LEXIS 10564 (3d Cir. Apr. 25, 2005).

The district court re-sentenced Cunningham on July 12, 2005. At that proceeding, Cunningham asserted that he should be given a lesser sentence because (1) the facts

giving rise to the enhancements of the offense level under the Guidelines were required to be proven beyond a reasonable doubt, and (2) Cunningham had shown positive post-offense rehabilitation. The district court imposed a sentence identical to the prior sentence, and Cunningham again appealed to this Court.

## I.  JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to review the imposition of a sentence that is in violation of law. 18 U.S.C. § 3742(a)(1).  Because Cunningham did not object at sentencing to the adequacy of the district court's articulation of the factors set forth at 18 U.S.C. § 3553(a), we review the imposition of sentence for plain error.  United States v. Olano, 507 U.S. 725 (1993).

## II.  ANALYSIS

### A.  Consideration of the § 3553(a) Factors

Cunningham alleges that the district court committed plain error by imposing its sentence without adequately articulating its consideration of the § 3553(a) factors.  He contends that this prevents us from being able to meaningfully assess whether or not the sentence was unreasonable.  In United States v. Cooper, the Third Circuit discussed the level of consideration that must be given to the § 3553(a) factors.  437 F.3d 324, 329 (3d Cir. 2006)(citations omitted).  Cooper stated that the record must show that the trial court gave "meaningful consideration" to the § 3553(a) factors.  Id. (citations omitted).  This does not require the trial court to discuss and make findings as to each of the factors, nor

-3-

does it require the district court to explicitly state that it considered each of the factors. Id.; see also United States v. Blackston, 940 F.2d 877, 893-94 (3d Cir. 1991) (holding that district court is not required to make specific findings with respect to § 3353(a) factors). The record must make clear, however, that the trial judge considered the § 3553(a) factors; a district court's statement that it considered the § 3553(a) factors, by itself, is insufficient. See Cooper, 437 F.3d at 329 n.6 (disagreeing with United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005)); cf. United States v. Cunningham, 429 F.3d 673, 676 (7th Cir. 2005) (citing United States v. Williams, 425 F.3d 478, 479 (7th Cir. 2005)).

Here, the record consists of the transcripts from the sentencing hearings on November 21, 2003 and July 12, 2005, and the Presentence Investigation Report ("Report"). For Counts I, II, and III, the Report indicated a base offense level of twenty and a nine level enhancement for theft of a financial institution's property, the amount stolen, and physical restraint of the victims of the robbery, resulting in an adjusted offense level of 29. The Report also found that the robbery caused extreme psychological injury to the victims, a ground for upward departure under the guidelines. U.S.S.G. § 5K2.3. Cunningham disputed certain facts, and objected to the potential upward departure. At the November 2003 hearing, the district court heard Cunningham's objection to an upward departure, and heard from two witnesses that testified about their psychological injuries. Cunningham was able to cross-examine the witnesses and present his own

argument against the proposed upward departure. After hearing the arguments, the district court imposed its sentence, stating that "[t]he following statement of reasons is placed on the record for the sentence that has been imposed: The Court adopts the factual findings and the guideline application in the presentence report." (App. 81.) The district court then discussed in detail its reason for a one level upward departure from the sentencing guidelines, and imposed a sentence of 210 months on Counts I-III and an additional 60 months on Count IV.

At the July 2005 re-sentencing hearing, Cunningham sought a reduced sentence, arguing that (1) pursuant to Booker, a sentence outside of the guideline range violated the Ex Post Facto and Due Process Clauses of the Fifth Amendment, and (2) Cunningham had shown positive post-offense rehabilitation. The district court rejected the constitutional arguments, and noted that it did consider the upward departure decision carefully by enhancing Cunningham's sentence by one level rather than two. The district court went on to say that "all of the enhancements were clearly evident that would justify every enhancement that was made." (App. 98.) The district court again adopted the factual findings in the Report and entered its statement of reasons into the record. The statement of reasons said that the court took into consideration the § 3553(a) factors, particularly the nature of the crime, the criminal history of the defendant, and potential for recidivism, which the court found likely in view of Cunningham's involvement with the criminal justice system since the age of seventeen.

In this appeal, Cunningham argues that the record in this case is insufficient to permit us to determine if the district court gave "meaningful consideration" to the § 3553(a) factors, and asks us to consider as exemplars the memoranda prepared in other districts. Although a more delineated record might be helpful, the present record shows that the district court devoted considerable time during the sentencing hearings to relevant facts in the case and the issues raised by the parties. At both sentencing hearings, the district court discussed, *inter alia*, the nature of the bank robbery and the effect on the victims, and the court made extensive findings in these areas relative to the upward departure, which was itself discussed extensively. The district court also discussed the seriousness of the offense and what it considered to be egregious facts from the robbery. These discussions touch upon, and show the court's consideration of, the § 3553(a) factors. Accordingly, we find that the district court complied with its duty to consider the relevant § 3553(a) factors.

## B. Plain Error

Cunningham claims that the district court's failure to provide a detailed discussion of the § 3553(a) factors constituted plain error. In order for Cunningham to prevail, he must demonstrate that (1) there was error, (2) the error was plain, i.e., "clear" or "obvious," and (3) it affected substantial rights. United States v. Evans, 155 F.3d 245, 251 (3d Cir. 1998). As noted above, the record in this matter is adequate to show that the district court meaningfully considered the § 3553(a) factors. Accordingly, there is no

deviation from a legal rule and no error. We need not consider separately whether or not the sentence is "reasonable," as Cunningham's sole argument was that the sentence was unreviewable because it was unreviewable. We have already concluded, however, that the record is sufficient to permit review.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.