

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2006

# USA v. Crumlich

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2495

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Crumlich" (2006). *2006 Decisions*. Paper 768.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/768

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-2495

UNITED STATES OF AMERICA

v.

REBECCA CRUMLICH,

Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Crim. No. 04-226-03)
District Court: Hon. William W. Caldwell

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2006

Before: SCIRICA, and McKEE, and STAPLETON, Circuit Judges.

(Filed:  July 10, 2006)

McKee, Circuit Judge.

Rebecca Crumlich appeals the sentence that was imposed following her guilty

plea. She claims that the district court erroneously believed that it had no authority to

consider her request for a downward departure based upon extenuating family

circumstances. For the reasons that follow, we will vacate the sentence and remand for

resentencing.

**I.**

Inasmuch as we write primarily for the parties, we need not reiterate the factual or procedural background of this case except insofar as may be helpful to our brief discussion.

Crumlich pled guilty to violating 21 U.S.C. §843 and 18 U.S.C. §2. The maximum sentence that could be imposed pursuant to her plea agreement was a period of incarceration of 48 months. She subsequently asked the court for a downward departure based upon extenuating family circumstances, and the government moved for a downward departure based upon her substantial assistance. The reduction urged by the government would have resulted in a sentence of 38 months.

The court denied Ms. Crumlich's motion for downward departure, but did grant a downward departure for substantial assistance in response to the government's motion. In response to Crumlich's argument that the court should further reduce the sentence based upon her extenuating personal circumstances, the court stated: in part, that "judges just don't have the power to do what you would like me to do. We have the federal law, the federal sentencing guidelines, and drug trafficking is probably an extremely serious charge..." App. at 98A. Thereafter the court sentenced Crumlich to a term of imprisonment of 32 months followed by supervised release, a fine and a special assessment. This appeal followed.

## II

In essence, Crumlich claims that the court mistakenly thought that it was without authority to grant a downward departure based upon her personal circumstances, and it

2

therefore did not give "meaningful consideration" to the relevant factors of 18 U.S.C. §3553(a). *See United States v. Cooper*, 437 F.3d 324, 329 (3d. Cir. 2006); *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). Crumlich believes that the trial court did not reasonably exercise it's discretion in applying the sentencing guidelines to the circumstances of her case. *Id.* at 330.

Crumlich focuses her arguments upon the aforementioned comment of the district court and additional comments suggesting that the court believed it did not have the authority to grant an additional departure for her extraordinary family circumstances. *See* App. at 98A. She argues such a departure was appropriate because she explained that "[s]he is the sole care giver and custodian for her 9 year old daughter, whose father, a convicted drug dealer is likely to obtain custody . . . because of her mother's conviction." She also claims she is "the primary care giver for [her] 84 year old grandmother, . . . who is dependent on [Crumlich] for her everyday care and support," and she stresses her minimal role "in the underlying conspiracy," and the fact that it has been "at least 11 years . . . since the last 'serious' offenses [she] committed in Florida." Appellant's Br. at 11.

The district court commented on the applicable policy statement in the guidelines and the fact that "family ties and responsibilities are not ordinarily relevant to determining whether a departure may be warranted." App. 96A. The court then said, "I just don't know if that's a legitimate area for a departure or not." *Id.* In responding to Crumlich's request for a downward departure, the court also explained: "judges don't

3

have the power to do what you would like me to do. We have the federal law, the federal sentencing guidelines, and drug trafficking is probably an extremely serious charge, and there are consequences. . . . I'm going to go slightly below the government's recommendation, *but I have no choice in the matter*." *Id*., 98A-99A (emphasis added).

The government argues that the court's remarks were nothing more than an explanation of why the court was not going to exercise its discretion in favor of granting the requested departure. The government insists that "the district court in the present case fully understood its discretion to grant or deny Crumlich's Motion for Downward Departure." Appellee's Br. at 14. The government also reminds us that Crumlich's sentencing occurred approximately four months after the Supreme Court decided *United States v Booker*, 543 U.S. 220 (2005), and "it is doubtful whether, even the day after *Booker* was decided, a single federal prosecutor or federal judge could have been still operating under the misapprehension that . . . the Guidelines [were] mandatory." Appellee's Br. at 18.

Although we are not unsympathetic to the logic of the government's argument, we can not so readily ignore the district court's own pronouncement that it did not have the authority to grant the departure for extraordinary family circumstances Crumlich requested. If that is not what the court meant, the best way to clarify the issue is to remand so the district court can clarify its remarks. If that is what the court meant, a remand is clearly required. In either event, we don't have to guess about whether the court understood that it retained the discretion to grant the downward departure for

4

extraordinary family circumstances if it believed that Crumlich's circumstances "place [her] outside the ordinary." *United States v. Dominguez*, 296 F.3d 192, 195 (3d Cir. 2002).

*Dominguez*, was decided before *Booker*. Yet, we there explained that even under what was assumed to be a mandatory regime of sentencing guidelines, district courts retained the discretion to determine "[w]hether a particular case is appropriate for downward departure [based upon] its lying 'outside the heartland." *Id*., at 195. We cited *United States v. Sweeting*, 213 F.3d 95, (3d Cir. 2000) wherein we had explained when family circumstances could support a downward departure in the proper exercise of the sentencing court's discretion. We then vacated the sentence that had been imposed and remanded to the district court for resentencing in order to ensure that the district court had properly considered whether the defendant's circumstances merited a downward departure, and if they did, whether the court would exercise its discretion to depart downward.

Given the ambiguity on this record, we believe that is also the most appropriate resolution of this appeal. Accordingly, we will vacate the sentence that was imposed, and remand for resentencing consistent with this opinion and our discussion in *Dominguez*.