

Villanova University School of Law

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-18-2006

# USA v. Amos

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3424

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Amos" (2006). *2006 Decisions*. Paper 566.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/566

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-3424

———————

UNITED STATES OF AMERICA

v.

ROLAND AMOS,
                                                 Appellant

———————

On Appeal from the United States District
Court for the District of New Jersey
D.C. Crim. 03-cr-00774
District Judge:  The Honorable John W. Bissell

———————

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2006

———————

Before: SMITH, ALDISERT and ROTH, Circuit Judges

(Opinion Filed: August 18, 2006 )

———————

OPINION

———————

ALDISERT, Circuit Judge

Following remand by us for re-sentencing,  Roland Amos was sentenced to 140

months' imprisonment and now appeals. He contends that he should have received a

sentence by the United States District Court for the District of New Jersey below the

range provided by the advisory guidelines. We have jurisdiction to hear his appeal pursuant to 18 U.S.C. § 3742(a)(1). For the reasons explained below, we will affirm.

I.

The parties are familiar with the facts and proceedings in the District Court, so we will only briefly revisit them here. On July 3, 2002, Roland Amos was arrested and charged with distributing, and possessing with intent to distribute more than five grams of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii). In September 2003, Amos pled guilty to those charges via a written plea agreement. Violations of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii) carry a statutory prison sentence range of five to forty years.

A pre-sentence investigation report ("PSR") was prepared by the U.S. Probation Office. In the PSR, the Probation Office calculated a total offense level of 31 and, based on a criminal history score of 15 points, a criminal history category of VI. This criminal history score included two criminal history points, added pursuant to U.S.S.G. § 4A1.1(e), because the instant offense was committed less than two years after Amos' release from custody for several prior felony convictions. The calculated offense level and criminal history category resulted in a Guidelines range of 188 to 235 months' imprisonment.

On May 26, 2004, the District Court sentenced Amos to 188 months' imprisonment, the minimum sentence permissible under the then-mandatory Federal Sentencing Guidelines. Amos timely appealed. In light of the Supreme Court's decision

in <u>United States v. Booker</u>, 543 U.S. 200 (2005), this Court vacated Amos' sentence and remanded for resentencing under the now-advisory Guidelines. <u>United States v. Amos</u>, 127 Fed. Appx. 83 (3d Cir. 2005) (unpublished). On remand, Amos requested a sentence below the advisory range, contending that, given the difference in treatment between crimes involving crack and crimes involving powder cocaine, a sentence within the advisory range would be unreasonable. Amos also challenged the two criminal history points assessed pursuant to U.S.S.G. § 4A1.1(e). The District Court rejected Amos' challenge to the U.S.S.G. § 4A1.1(e) adjustment. After a detailed analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court determined that a sentence below the recommended Guidelines range was appropriate, and sentenced Amos to 140 months' imprisonment. Amos now appeals from this sentence.

II.

On appeal, Amos contends that the District Court erroneously refused to withhold a two-point U.S.S.G. § 4A1.1(e) adjustment from his criminal history score. Amos relies on the logic of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), for the contention that the facts of his prior conviction must have been proven to a jury beyond a reasonable doubt before they could be used to enhance his sentence. He acknowledges that the Supreme Court, in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), specifically exempted prior convictions from the requirements of <u>Apprendi</u>, but he nonetheless urges

3

us to reject this exception, or to narrowly apply it to only the mere fact of a prior conviction. Specifically, he contends that the facts supporting the two-point U.S.S.G. § 4A1.1(e) adjustment, i.e., the elapsed time between the conviction for the instant offense and his release from prior custody, were "too far removed from the conclusive significance of a prior judicial record." Amos Br. at 15 (quoting Shepard v. United States, 544 U.S. 13, 24 (2005)).

Amos also contends that his sentence violates "the principle announced in United States v. Booker. . . ." Amos Br. at 8. We will construe this line of argument as a challenge to the reasonableness of his sentence.

Amos' contentions are wholly without merit. Foremost, neither Apprendi nor Almendarez-Torres applies to his case. In Apprendi, the Court ruled that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). Here, however, the sentencing court did not increase Amos' statutory maximum penalty, but rather used his prior conviction as a sentencing fact to calculate a two-point increase to his Guidelines criminal history score. In United States v. Cooper, 437 F.3d 324 (3d Cir. 2006), we held that such sentencing facts need only be determined by a preponderance of the evidence. Id. at 330 ("[T]he standard of proof under the guidelines for sentencing facts continues to be

4

preponderance of the evidence.").[1] Amos does not argue that this standard was not met. Accordingly, there was no error.

Amos' contention that his sentence was unreasonable is also without merit. In Cooper we stated that there are two components to our reasonableness review: (1) an examination of the court's treatment of the relevant sentencing factors, and (2) a review of how the court applied the relevant factors to the facts of the case at hand. 437 F.3d at 329-330. Although a sentencing court does not need to make explicit findings on each factor, it must be clear from the record that "it took the factors into account in sentencing." Id. at 329. The record must indicate that the sentencing court gave them meaningful consideration and that it addressed all arguments raised by the parties that rest upon "a ground of recognized legal merit (provided they have a factual basis)." Id. (quoting United States v. Cunningham, 429 F.3d 673, 679 (7th Cir. 2005)).

Here, at the resentencing hearing the District Court engaged in a lengthy discussion of the 18 U.S.C. § 3553(a) sentencing factors. App. at 36-44. Because of the Court's great thoroughness we need not recount that discussion here. The District Court

---

[1] In United States v. Cooper, 437 F.3d 324 (3d Cir. 2006), we declined to address the question of whether the same standard of proof would apply to a finding of a separate offense. Id. at 330 n.7. Although we answered this question in the affirmative in United States v. Grier, 449 F.3d 558 (3d Cir. 2006), that decision was recently vacated, and no longer has any precedential value. See United States v. Grier, --- F.3d ----, 2006 WL 2006256 (3rd Cir. Jul 19, 2006). This case, however, does not involve fact-finding relating to a separate offense; therefore, the teachings of Cooper establish the appropriate burden of proof as preponderance of the evidence. See Cooper, 437 F.3d at 330.

examined each factor in turn, and explained how the sentence would address that factor's purpose. Aside from Amos' attack on the U.S.S.G. § 4A1.1(e) adjustment, which we have determined to be without merit, the District Court more than adequately addressed each of Amos' contentions in its discussion. In parting, it is worth noting that even removing the U.S.S.G. § 4A1.1(e) adjustment from consideration, Amos' sentence of 140 months was well below both the statutory maximum penalty of forty years, and the lower Guidelines range of 168 to 210 months. We are satisfied that Amos' sentence was not unreasonable.

III.

We have considered all contentions presented by the parties and conclude that no further discussion is necessary. We will affirm the judgment of the District Court.