UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 15, 2006[*]
Decided November 16, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2642

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 05 CR 30106 |
| LORENZO CORDERO-GUZMAN, *Defendant-Appellant.* | Jeanne E. Scott, *Judge.* |

**O R D E R**

Lorenzo Cordero-Guzman pleaded guilty to illegally transporting aliens, 8 U.S.C. § 1324(a)(1)(A)(ii). He was arrested in Lincoln, Illinois, after driving from Phoenix, Arizona with 19 illegal immigrants in his seven-person passenger van. At sentencing, Cordero objected only to the probation officer's recommendation that his sentence reflect his transporting aliens in a manner that recklessly created a substantial risk of serious harm, U.S.S.G. § 2L1.1(b)(5). The district court overruled the objection, concluding that driving with 19 people in a van designed for

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

seven and stopping only once during a several-hundred-mile drive constituted a substantial risk of harm. The court sentenced Cordero to 18 months' imprisonment—the low end of the guidelines range. Cordero filed a notice of appeal, but his appointed counsel now moves to withdraw because he is unable to discern a nonfrivolous basis for the appeal. *Anders v. California*, 386 U.S. 738 (1967). Cordero did not answer our invitation under Circuit Rule 51(b) to respond to counsel's motion, so we limit our review to the arguments raised in counsel's facially adequate brief. *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). Counsel advises us that Cordero does not wish to withdraw his guilty plea, and therefore counsel appropriately refrains from discussing potential challenges to the plea. *United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel first considers whether Cordero could challenge the district court's ruling that he created a "substantial" risk of harm under U.S.S.G. § 2L1.1(b)(5), thus increasing his base offense level from 12 to 15. Although we review a sentencing court's factual determinations for clear error, *United States v. Haddad*, 462 F.3d 783, 793 (7th Cir. 2006), counsel considers whether a decision that a risk is "substantial" may be a mixed question of law and fact subject to *de novo* review. *See, e.g., United States v. Layne*, 324 F.3d 464, 468 (6th Cir. 2003). But counsel correctly concludes that even under a *de novo* review, it would be frivolous for Cordero to raise such a challenge. Application note 6 to § 2L1.1 specifically states that subsection (b)(5) applies to conduct such as "carrying substantially more passengers than the rated capacity of a motor vehicle or vessel." The district court did not err in concluding that a substantial risk of harm was caused by cramming 19 passengers into a vehicle with a capacity of seven, having only one driver for a drive from Arizona to Illinois, and stopping only once during the entire drive. *See, e.g., United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005) (ruling that transporting more aliens than rated capacity of trailer creates substantial risk); *United States v. Maldonado-Ramires*, 384 F.3d 1228, 1231 (10th Cir. 2004) (ruling that § 2L1.1(b)(5) applies to "wide variety of conduct," including when illegal aliens are transported in minivan with only one driver for lengthy drive, and passengers were forced to lie prone on floor of van); *United States v. Cuyler*, 298 F.3d 387, 388 (5th Cir. 2002) (applying § 2L1.1(b)(5) when defendant transported seven aliens in cab of truck and four more in truck bed).

Counsel also considers whether Cordero could argue that our decision in *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005), holding that a sentence imposed within the guidelines range is presumptively reasonable, conflicts with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005). But counsel is correct that even if *Mykytiuk* did not apply, Cordero's sentence is still reasonable. First, Cordero did not argue to the district court that a sentence should be imposed below the guidelines range and, second, the district court adequately discussed the factors it considered under 18 U.S.C. § 3553(a) before deciding that a

sentence at the bottom of the guidelines range was appropriate. The district court explained that it considered that Cordero did not have a criminal history and acted only to support his family. A district court need not recite the § 3553 factors in a "checklist fashion," *United States v. Farris*, 448 F.3d 965, 969 (7th Cir. 2006) (quoting *Dean*, 414 F.3d at 729), and the court did not ignore any of Cordero's arguments, *see United States v. Cunningham*, 429 F.3d 673, 675 (7th Cir. 2005). Thus, it would be frivolous to argue that the sentence was unreasonable or that the court failed to adequately explain its reasoning in imposing the sentence.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.