

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2007

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1398

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Smith" (2007). *2007 Decisions.* Paper 1476.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1476

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 06-1398

_____

UNITED STATES OF AMERICA,

v.

GEORGE SMITH,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 05-cr-00314)
District Judge:  Hon. James M. Munley

_____

Submitted Under Third Circuit LAR 34.1(a)
March 5, 2007

Before: SLOVITER and AMBRO, Circuit Judges, and BRODY,* District Judge

(Filed:  March 14, 2007)

_____

OPINION

_____

_____

* Hon. Anita B. Brody, United States District Court for the
Eastern District of Pennsylvania sitting by designation.

BRODY, <u>District Judge</u>

On September 8, 2005, appellant/defendant George Smith pleaded guilty pursuant to a plea agreement to interference with a federal officer in violation of 18 U.S.C. § 115. On January 17, 2006, Smith was sentenced to 84 months imprisonment consecutive to another sentence Smith was already serving for an unrelated crime. In this appeal, Smith claims that his sentence is unreasonable because the District Court failed to properly articulate its consideration of the 18 U.S.C. § 3553(a) sentencing factors, thus depriving this Court of a proper basis for review. Smith also claims that the District Court erred by treating the Guidelines as mandatory and not reasonably exercising its discretion when it imposed the sentencing. We will affirm.

I.      Facts and Procedural History

According to the Presentence Investigation Report[1] ("PSR"), on October 3, 2003 Smith was serving a sentence at the Schuylkill Federal Correctional Institution for an unrelated crime when he slipped a note threatening to kill the prison warden underneath a door leading to correctional staff offices. PSR ¶¶ 4-5. Smith readily admitted his guilt and explained that he had no intent to harm the warden, but rather was trying to trigger a security lock-down because he felt threatened by two other inmates who wanted to collect on a gambling debt. PSR ¶6, 9. Under the Guidelines, because Smith was a career

---

[1] Neither party objected to the PSR, and the court adopted it without change. Appendix to Defendant's Appellate Brief ("App.") at 53.

offender[2] and committed the crime at issue while imprisoned, his sentencing range was 77 to 96 months running "consecutively to the undischarged term of imprisonment." PSR ¶46.

In both a sentencing memorandum and at the sentencing hearing, Smith's counsel emphasized "the history and characteristics of the Defendant, which is one of the factors that the Court can consider under Section 3553(a)." App. at 55. Smith had many difficulties in his life, including neglectful parents, sexual abuse, and a gambling addiction. App. 55-59. Smith's life "changed completely" when he was incarcerated at age 20. App. at 56. Since then, despite making numerous "mistakes" ("way more in the last eight years than he did in the first 20 years"), App. at 57, Smith has acknowledged culpability, completed educational programs, and enrolled in drug and alcohol programs in hopes of treating his gambling problem. Defendant's Sentencing Memorandum ("Memo") at 5. Counsel also touched upon other Section 3553 factors for the Court to consider, including the need to avoid unwarranted disparities among similarly situated defendants, the types of sentences available, and a Sentencing Commission report regarding recidivism. Memo at 8-9. Based on these considerations, and the fact that

---

[2] At age 20, while Smith was in the Army, he kidnapped an officer at gun point and was subsequently convicted of larceny, robbery, forcible sodomy, kidnapping, indecent assault and communication of a threat. An army court sentenced him to 15 years imprisonment. While imprisoned at Fort Leavenworth, Smith was convicted of conspiracy to commit arson, damage to military property fire, and communicating a threat. PSR ¶¶22-3.

Smith still had four more years to serve on his prior sentence, his counsel argued that a sentence at the lowest end of the Guidelines range (77 months imprisonment) to run concurrent with the prior sentence was sufficient to satisfy the Section 3553(a) factors. Memo at 9-10; App. at 57-58.

At the sentencing hearing, the Court heard defense counsel's arguments and also stated that it had read counsel's sentencing memorandum and found it "pretty straightforward." App. at 53, 59. The Court also heard Smith himself, who apologized for and explained his reason for writing the threatening note. Smith expressed his desire for treatment for his sexual offender and gambling problems, to which the Court agreed.

The District Court began its ruling by noting that a sentence must satisfy the purposes set forth in 18 U.S.C. § 3553(a), and listed the factors. App. at 60-61. The Court then continued:

> I'm impressed with what [defense counsel] did in her sentencing memorandum and her statements here today and your statement, and I recognize that you tried to make some progression at the jail, and I recognize the problems that you faced as a child growing up, but it is a difficult thing to sentence someone like you, because while we appreciate everything that is said here so far, but we cannot afford, in this critical area of law enforcement and penology, to send out the wrong kind of message.
> We have so many people who are being treated this way behind bars, and we just cannot afford it. It is such a serious offense. You understand that, I think, and intent aside, what you put into operation, and it is of maximum importance that these people, whether a warden or anyone else in these institutions can't be interfered with in performing their duties and down to any, whatever capacity they're in, and the potential of being harmed by inmates is just totally unacceptable, and that interference with the ability of those people who perform their function is of critical importance, George, in our society today.

App. at 61-62. The Court further noted: the violent and serious nature of Smith's past crimes, including robbery and sodomy by gunpoint, and conspiracy to commit arson ("That is really heavy stuff"); that Smith had an unfavorable history of multiple prison rule infractions while imprisoned; and that Smith was "a young guy." App. at 62.

The Court sentenced Smith to 84 months imprisonment, a $100 special assessment, and three years of supervised release. It also ordered that Smith be given counseling for his gambling addiction and put into a sex treatment program. App. at 62-65.

II.    Discussion[3]

After United States v. Booker, 543 U.S. 220 (2005), this Court reviews sentencing judgments for reasonableness under a two-part test set forth in United States v. Cooper, 437 F.3d 324 (3d Cir 2006). A sentence is reasonable if the sentencing court 1) exercised its discretion by giving "meaningful consideration" to the factors listed in 18 U.S.C. § 3553(a), and then 2) "reasonably applied those factors to the circumstances of the case." Cooper, 437 F.3d at 329- 30. To satisfy the meaningful consideration requirement, a "rote statement of the § 3553(a) factors" alone is insufficient. Id. at 329. On the other hand, a district court is not required to discuss and make findings as to each of the § 3553(a) factors "if the record makes clear the court took the factors into account in sentencing." Id.; United States v. Vargas, 2007 U.S. App. LEXIS 3486 *16 (3d Cir.

---

[3]    We have jurisdiction to review a sentence for reasonableness. See United States v. Cooper, 437 F.3d 324, 327-28 (3d Cir. 2006) (finding that jurisdiction lies under 18 U.S.C. § 3742(a)(1) and may also exist under 28 U.S.C.§ 1291).

2007).  To satisfy reasonable application, we ask "whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a)."  Cooper at 330.  On review, we apply a deferential standard.  Id.  The party challenging the reasonableness of a sentence bears the burden of establishing that the sentence is unreasonable based on the record and Section 3553(a) factors.  Id. at 332.

A.    Meaningful Consideration

Smith contends that his sentence was unreasonable because the District Court failed to satisfy the "meaningful consideration" requirement.  Specifically, because the Court did not state explicitly and with specificity its reasons for the sentence imposed, it failed to create a record demonstrating meaningful consideration of the Section 3553(a) sentencing factors.  The shortcomings include:  not mentioning which of the Section 3553(a) subsections were being considered; not comparing Smith's 84-month sentence with sentences of similarly situated defendants; including no additional written explanation of Smith's sentence in the Statement of Reasons; and not explaining why an 84-month sentence, imposed consecutively, reflected the seriousness of the offense, promoted respect for law, and provided just punishment and deterrence, as required under Section 3553(a)(2) and 3553(c), while a lesser sentence – e.g., 77 months to run concurrently – would not.  Without these clear and detailed statements, Smith argues, the District Court's ruling is unreviewable by this Court, and thus not legally sufficient.

As a threshold matter, district courts are not required to expressly address in detail

how each of the Section 3553(a) factors impacts their sentencing decision if it is clear from the record that the factors were in fact taken into consideration. See United States v. Charles, 467 F.3d 828, 831 (3d Cir. 2006) (holding that district courts need not fully and explicitly articulate their consideration of each Section 3553(a) factor when giving reasons for imposing a sentence); United States v. Scott, 426 F.3d 1324, 1329 (11th Cir.2005) (holding "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors") (cited with approval in Cooper at 329). Rather, a sentence is reviewable for "meaningful consideration" when district courts "'state adequate reasons for a sentence on the record so that [we] can engage in meaningful appellate review.' [W]e will not elevate form over substance." United States v. Dragon, 471 F.3d 501, 505-6 (3d Cir. 2006) (quoting United State v. Charles, 467 F.3d 828, 831 (3d Cir. 2006) (quoting United States v. King, 454 F.3d 187, 196-7 (3d Cir. 2006))). Reasonable sentences require meaningful consideration of only "*relevant*" factors. Charles, 467 F.3d at 831 (original emphasis) (quoting Cooper, 437 F.3d at 329). Furthermore, the court need not address arguments made by the defendant that are "clearly without merit." Cooper, 437 F.3d at 329.

Based on our review of the record, it is clear that the District Court gave meaningful consideration to the relevant 3553(a) factors. For example, the Court adopted without change the PSR, which comprehensively reviewed defendant's history, the circumstances of the offense at issue, and sentencing options (e.g., custody, supervised

release, probation, fine, and restitution). The Court also stated that it read, understood, and was "impressed" with arguments in defendant's sentencing memo, which addressed defendant's background, the circumstances of this offense, the need to avoid unwarranted sentencing disparities, the types of sentences available (concurrent or consecutive), and Sentencing Commission reports. Many of these same arguments were also repeated during the hearing, such as defendant's youth and attempts at overcoming his gambling addiction. The Court also heard testimony from defendant himself about the reasons for his actions. See United States v. Vargas, 2007 U.S. App. LEXIS 3486, *21 (3d Cir. 2007) (finding that 18 U.S.C. § 3553(a)(1) was meaningfully considered after defendant discussed his background and offense in court). The Court considered § 3553(a)(4) by consciously sentencing within the Guidelines, which makes it more likely that the sentence was reasonable. Cooper, 437 F.3d at 330-31.

The Court naturally focused its ruling on certain factors that it deemed to outweigh others. It stated that interfering with the duties of correctional officers by threat of harm was "of maximum importance," "totally unacceptable," and "of critical importance." The Court clearly felt that the requirements for the sentence to account for the nature of the offense, 18 U.S.C. § 3553(a)(1), to promote respect for the law, 18 U.S.C. § 3553(a)(2)(A), and to deter similar activity, 18 U.S.C. § 3553(a)(2)(B), far outweighed the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1). Mere brevity in addressing other possible mitigating circumstances does not per se constitute error. United States v. Jackson, 467 F.3d 834, 842 (3d Cir. 2006). Based on the record, we are

satisfied that the Court meaningfully considered the Section 3553(a) factors, but ultimately considered certain factors less relevant or irrelevant to the circumstances of the case.

B.      Reasonable Application

Smith also argues that his sentence is unreasonable because it fails the second prong for the Cooper test: reasonable application of the Section 3553(a) factors to the circumstances of this case. Instead of applying the factors reasonably, Smith argues, the District Court treated the Guidelines as mandatory.

Defendant's latter conclusion is not only unsubstantiated but also contrary to the record. The Court certainly took note of the correct sentencing range under the Guidelines, as is proper under both § 3553(a)(4) and this Circuit's case law. See United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (holding that sentencing courts should first correctly calculate the Guidelines range). But the Court began its ruling by stating, "In passing sentence on you, the sentence I will impose satisfies the purposes set forth in 18 U.S.C., Section 3553(a)," and listing those factors. App. at 60-61. The District Court was not required to state that it knew the Guidelines were only advisory after Booker, but we are satisfied that it was aware of this and ruled accordingly.

The sentence imposed by the District Court was logical and consistent with the Section 3553(a) factors. These factors require a sentencing court to consider the nature and seriousness of an offense, deterrence (both specific and general), and protection of the public. § 3553(a)(1), (a)(2)(A) - (C). These considerations logically warrant a

-9-

punishment more serious than that requested by Smith. Smith's two prior criminal felony convictions both involved communicating a threat in conjunction with either a violent crime (robbery, sodomy) or conspiracy to commit a violent crime (conspiracy to commit arson). Furthermore, as the Court stressed, given the close confines of a prison and the importance of maintaining order inside, it is important not to send a wrong message to other inmates by an overly lenient sentence. In a separate written judgment, the court also formally recommended that the Bureau of Prisons "afford the defendant the opportunity to participate in gambling addiction treatment" and "to participate in sexual offender assessment and/or treatment." App. at 4. This logically relates to Smith's need for medical care and correctional treatment under § 3553(a)(2)(D).

We apply a deferential standard when reviewing application of the Section 3553(a) factors because the trial court is in "the best position to determine the appropriate sentence in light of the particular circumstances of the case." Cooper, 437 F.3d at 330. The Court was not required to compare a 77-month concurrent sentence with an 84-month consecutive one. "[R]easonableness is a range, not a point." United States v. Cunningham, 429 F.3d 673, 679 (7th Cir. 2005) (quoted in Cooper, 437 F.3d at 332 n. 11). The 84-month sentence in this case is still one year less that the Guidelines maximum sentence and three years less than the statutory maximum. We cannot say that this was unreasonable.

III. Conclusion

Smith has not met his burden of showing that the sentence imposed by the District

Court was unreasonable. The fact that the Court did not discuss in depth each of the Section 3553(a) factors does not mean that it did not consider them. We are satisfied that it did, as it emphasized the importance of certain factors over others. We are also satisfied that the Court reasonably applied these factors to the circumstances of this case. The judgment of sentence is affirmed.