In the

# United States Court of Appeals
## For the Seventh Circuit

───────────

No. 05-1774

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

KARL CUNNINGHAM,

*Defendant-Appellant*.

───────────

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 CR 352—**Ruben Castillo**, *Judge*.

───────────

ARGUED SEPTEMBER 27, 2005—DECIDED NOVEMBER 14, 2005

───────────

Before CUDAHY, POSNER, and EASTERBROOK, *Circuit Judges*.

POSNER, *Circuit Judge*. The defendant pleaded guilty to one count of conspiring to possess, with intent to distribute, more than five grams of a mixture or substance containing crack cocaine. 21 U.S.C. § 846. The judge sentenced him to 57 months in prison, which was at the bottom of the guidelines range for the defendant's offense. The sentence was imposed after the Supreme Court, in *United States v. Booker*, 125 S. Ct. 738 (2005), had held that the federal sentencing guidelines are advisory. *Booker*, and cases interpreting it, such as *United States v. Mykytiuk*, 415 F.3d 606, 607-08 (7th Cir. 2005); *United States v. Dean*, 414 F.3d 725, 727 (7th Cir.

2005); *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005); and *United States v. Crawford*, 407 F.3d 1174, 1178-79 (11th Cir. 2005), instruct the sentencing judge to compute the applicable guidelines sentencing range, just as he would have had to do under the pre-*Booker* regime; only after doing so does he decide whether to impose a sentence within the range or a different sentence. 127 S. Ct. at 767. If he imposes a sentence within the range, it is presumed to be reasonable, *United States v. Mykytiuk*, *supra*, 415 F.3d at 608, though the defendant can try at the sentencing hearing to rebut the presumption by showing that a guidelines sentence is unreasonable in the particular circumstances of the case.

Whether a sentence is reasonable depends on its conformity to the sentencing factors set forth in 18 U.S.C. § 3553(a)(2). *United States v. Booker*, *supra*, 125 S. Ct. at 765-66 (2005); *United States v. Alburay*, 415 F.3d 782, 786 (7th Cir. 2005). Although the factors are intended to guide the Sentencing Commission in its formulation of sentencing guidelines, 28 U.S.C. §§ 991(b)(1)(A), 994(b), (g), (m); *United States v. Scott*, 2005 WL 2351020, at *5 n. 5 (11th Cir. Sept. 27, 2005); *United States v. Frank*, 864 F.2d 992, 1011 (3d Cir. 1988), the statute is also a directive to the sentencing court. Thus, as we said in *Dean*, the sentencing judge may not rest on the guidelines alone, but must, if asked by either party, consider whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors. 414 F.3d at 730-31; see also *United States v. Williams*, 2005 WL 2455110, at *1-2 (7th Cir. Oct. 6, 2005); *United States v. Mykytiuk*, *supra*, 415 F.3d at 608. He cannot treat all sentences that would fall within the guidelines sentencing range as reasonable per se. *Id.*; *United States v. Winters*, 416 F.3d 856, 860-61 (8th Cir. 2005); *United States v. Webb*, 403 F.3d 373, 385 n. 9 (6th Cir. 2005).

But what if any duty has the judge to explain his reasoning in imposing a guidelines sentence when the defendant contends that such a sentence would be unreasonable? The government's lawyer answered none; as long as the judge states that he has considered the statutory sentencing factors, no further explanation of the sentence is required. The judge could have a stamp that said "I have considered the statutory factors," which he placed on every guidelines sentence that he imposed—that would be okay, the government's lawyer said. The defendant in this case had argued that in his particular circumstances a sentence even at the bottom of the guidelines range would be unreasonably harsh. The judge brushed aside his argument. Can we say as we did in *United States v. Williams*, *supra*, at *2, that "it is enough that the record confirms that the judge has given meaningful consideration to the section 3553(a) factors, *and the record supplies us with that assurance here*" (emphasis added); see also *United States v. Baretz*, 411 F.3d 867, 878 n. 11 (7th Cir. 2005); *United States v. Engler*, 422 F.3d 692, 696-97 (8th Cir. 2005)? Or are we left in serious doubt whether the judge connected the facts relating to the statutory factors to the sentence he imposed?

Until his arrest, Cunningham, age 49 and a Vietnam combat veteran, had worked for the postal service for 24 years. He was a good family man and had no criminal record. He was, however, a habitual smoker of marijuana. His supplier was a man named Andre Means. A former coworker of Cunningham's at the post office, who had become a confidential informant for the government and was doubtless aware of Cunningham's connection with Means and may have been asked by the government to "get" Means, approached Cunningham and asked him for help in obtaining crack. Cunningham agreed and introduced the informant to Means, who on nine occasions,

with Cunningham present but not participating in the transaction, sold crack to the informant. All that Cunningham got out of performing this brokerage service (barely that) were payments of $10 to $20 from the informant on eight of the nine occasions, for a grand total of $100. He used the money to buy marijuana for his personal consumption from Means, receiving no discount or other benefit in exchange for helping with the crack transactions. (He has never, so far as appears, bought or used crack himself.) Means pleaded guilty to his leading role in the conspiracy and was given a 188-month prison sentence.

Cunningham has a long history of psychiatric illness, coupled with alcohol abuse as well as his marijuana habit. The year before his go-between activity he had attempted suicide and had been hospitalized and diagnosed as suffering from clinical depression, acute and chronic anxiety, and compulsive disorder. In arguing to the judge for a below-guidelines sentence, Cunningham's lawyer presented extensive documentation of her client's psychiatric history. She also argued that the high guidelines offense level produced by the amount of crack in the transactions overstated Cunningham's culpability. The lawyer noted how meager Cunningham's earnings from his role in the transactions had been—a role that obviously both the informant and Means had thought trivial. The lawyer noted further that the informant not only had approached Cunningham in the first place but had asked him to stay close during his transactions with Means, and Cunningham had agreed because the transactions would be taking place in a rough neighborhood and the informant—his (false) friend—might be in danger in carrying on his person first the purchase money and then the crack that he'd be buying from Means with the money.

At the sentencing hearing the government's lawyer urged a sentence in the guidelines range, noting that Cunningham was a government employee and adding that he "did not come forward to cooperate when he could have against the co-defendant [Means] and come in earlier. That case ultimately ended up in a plea, but we did ask him to come in earlier, and the decision was made not to do that until it was too late." Cunningham's lawyer argued that a guidelines sentence would be inappropriate because of the psychiatric and other factors summarized above.

The judge's response was terse:

> I understand that you're a broker [the judge is addressing Cunningham, of course, not the lawyer], but you're a broker of crack cocaine transactions on nine separate offense—nine separate occasions. Despite strong submissions by [Cunningham's lawyer], both in writing and here orally, I cannot see that a sentence within the guidelines is not appropriate, given all of the factors that I have to adhere to. Therefore, looking at you, knowing that you're not all bad, knowing that you made tremendous mistakes in this case to get involved in this number of times, and I will tell you quite honestly, if you had done this once or maybe twice, I would rethink, using my sentencing discretion; but nine different times and the fact that you, out of loyalty, I think misguided[,] to Mr. Means, decided not to cooperate against him, and I will get to Mr. Means, taking all these things into consideration, I'm going to sentence you to a 57-month sentence within the Bureau of Prisons, and place you on five years of supervised release.

If we were to subject this passage to the kind of scrutiny to which we and the other courts of appeals subject

the decisions of administrative agencies, e.g., *Highway J Citizens Group v. Mineta*, 349 F.3d 938, 952-53 (7th Cir. 2003); *Howard Young Medical Center, Inc. v. Shalala*, 207 F.3d 437, 441-42 (7th Cir. 2000); *GTE Midwest, Inc. v. F.C.C.*, 233 F.3d 341, 344-45 (6th Cir. 2000), it would not pass muster. There are two problems. The first is the reference to Cunningham's having "decided not to cooperate against" Means. This contention had first been made, without elaboration or substantiation, in the brief passage that we quoted from the government lawyer's statement at the sentencing hearing; there is no confirmation elsewhere in the record, including the report of the presentence investigation. The judge should not have run with this particular ball without some inquiry into the cause and significance of Cunningham's decision not to cooperate. The government has never contested the evidence of Cunningham's severe psychiatric illnesses. Not that depression or anxiety or compulsive disorder, or indeed all together, need preclude cooperation. But they do suggest a need to ask the simple question why Cunningham did not cooperate. Maybe he couldn't.

   The second problem is the judge's failure to mention Cunningham's psychiatric problems and substance abuse, which Cunningham's lawyer wove into a pattern suggestive of entrapment not as a defense but as a mitigating factor not reflected in the guidelines and also as a basis for Cunningham's being given a sentence different from a straight prison sentence. 18 U.S.C. §§ 3553(a)(2)(D), (a)(3). The two problems are related, undermining our confidence in the sentence. Cunningham possibly has a good argument that the judge ignored (the psychiatric history) and the government has a poor (vague, belated, unsubstantiated) argument to which the judge gave substantial weight (Cunningham's alleged failure to cooperate).

So far as appears, the informant had picked on Cunningham only because he knew that as a user of marijuana Cunningham would know a drug dealer. The informant had no reason to think that Cunningham was engaged in, or likely without the informant's prod to engage in, drug dealing; Cunningham had known Means for many years without ever moving from being a consumer of marijuana to becoming a dealer in any illegal drug, or even a user of crack. His psychiatric problems and substance abuse may have made him far more susceptible to the informant's blandishments than the average person invited to commit serious crimes.

Interpreting the judge's reference to "factors that I have to adhere to" as a reference to the statutory sentencing factors, the government argues that the judge *must* have given due consideration to the circumstances related in the preceding paragraph. That would be a good argument if those circumstances made only a weak case for a sentence below the guidelines range. A sentencing judge has no more duty than we appellate judges do to discuss every argument made by a litigant; arguments clearly without merit can, and for the sake of judicial economy should, be passed over in silence. E.g., *United States v. Spano*, 421 F.3d 599, 602 (7th Cir. 2005); *Thomas v. United States*, 328 F.3d 305, 309 (7th Cir. 2003); *United States v. Hale*, 107 F.3d 526, 530 (7th Cir. 1997).

This is true even though Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure states that "at sentencing . . . the court must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." The rule may be limited to factual disputes. The

cases so assume, without so stating outright. *United States v. Roy*, 2005 WL 2033686, at *4-5 (10th Cir. Aug. 24, 2005); *United States v. Ameline*, 400 F.3d 646, 657 (9th Cir. 2005); *United States v. Nelson*, 356 F.3d 719, 722-23 (6th Cir. 2004); *United States v. Lucania*, 379 F. Supp. 2d 288, 293 (E.D.N.Y. 2005). That limitation was explicit in its predecessor, Fed. R. Crim. P. 32(c)(3)(D), which confined the duty to allegations of "any factual inaccuracy in the presentence investigation report." See *United States v. McKinney*, 98 F.3d 974, 981-82 (7th Cir. 1996); *United States v. Johnson*, 903 F.2d 1084, 1092 (7th Cir. 1990); *United States v. Lindholm*, 24 F.3d 1078, 1085 n. 7 (9th Cir. 1994); *United States v. Aleman*, 832 F.2d 142, 144-45 (11th Cir. 1987). The advisory committee's note on the change to the wording of the new rule explains that the intention was to narrow, not broaden, the rule's scope, to matters actually controverted. But see *United States v. Angelos*, 345 F. Supp. 2d 1227, 1238 (D. Utah 2004).

We hesitate to read the rule so broadly that the judge is obliged to address every argument that a defendant makes at the sentencing hearing. But whatever the precise scope of the rule, the judge's failure to discuss an immaterial or insubstantial dispute relating to the proper sentence would be at worst a harmless error. *United States v. Slaughter*, 900 F.2d 1119, 1123 (7th Cir. 1990); *United States v. Darwich*, 337 F.3d 645, 666 (6th Cir. 2003). It would not require resentencing.

Rule 32 to one side, whenever a district judge is required to make a discretionary ruling that is subject to appellate review, we have to satisfy ourselves, before we can conclude that the judge did not abuse his discretion, that he exercised his discretion, that is, that he considered the factors relevant to that exercise. *Carr v. O'Leary*, 167 F.3d 1124, 1127 (7th Cir. 1999) ("a discretionary ruling . . . cannot be upheld when

there is no indication that the judge exercised discretion"); *United States v. Hale, supra*, 107 F.3d at 530; *Vergara-Molina v. INS*, 956 F.2d 682, 685 (7th Cir. 1992); *United States v. Hadash*, 408 F.3d 1080, 1083-84 (8th Cir. 2005); *Rarogal v. INS*, 42 F.3d 570, 572 (9th Cir. 1994). A rote statement that the judge considered all relevant factors will not always suffice; the temptation to a busy judge to impose the guidelines sentence and be done with it, without wading into the vague and prolix statutory factors, cannot be ignored.

We cannot have much confidence in the judge's considered attention to the factors in this case, when he passed over in silence the principal argument made by the defendant even though the argument was not so weak as not to merit discussion, as it would have been if anyone acquainted with the facts would have known without being told why the judge had not accepted the argument. Diminished mental capacity is a ground stated in the sentencing guidelines themselves for a lower sentence. U.S.S.G. § 5K2.13. A judge who fails to mention a ground of recognized legal merit (provided it has a factual basis) is likely to have committed an error or oversight.

There is also the judge's precipitate reliance on the government's unexplained, unsubstantiated reference to Cunningham's supposed failure to cooperate, to undermine our confidence that the judge paid attention to the defendant's case for a lighter sentence. "[W]e will not infer a reasoned exercise of discretion from a record that suggests otherwise or is silent." *United States v. Dalton*, 404 F.3d 1029, 1033 (8th Cir. 2005).

Not that a judge's silence prevents the defendant from arguing that the sentence is unreasonable given the statutory factors. But reasonableness is a range, not a point. If the judge could, without abusing his discretion, have

ruled in the defendant's favor, the defendant is entitled to insist that the judge exercise discretion, though he cannot complain if the exercise goes against him. See, e.g., *United States v. Schlifer*, 403 F.3d 849, 855 (7th Cir. 2005); *United States v. Barnett*, 398 F.3d 516, 528 (6th Cir. 2005).

The government argues that after the judge completed his sentencing, Cunningham's lawyer should have taken exception to the judge's failure to explore Cunningham's alleged lack of cooperation in the prosecution of Means and to articulate his reasons for rejecting the argument for a lighter sentence on the basis of Cunningham's psychiatric problems and alcohol abuse. That might indeed have been a desirable thing for the lawyer to do—we might have been spared this appeal had she done so. But a lawyer in federal court is not required to except to rulings by the trial judge. Fed. R. Crim. P. 51(a); *United States v. Rashad*, 396 F.3d 398, 401 (D.C. Cir. 2005).

The judgment must be vacated and the case remanded for resentencing. We express no view on the proper sentence. Given the gravity with which Congress regards the sale of crack, and (depending on the reason) Cunningham's failure to cooperate in the prosecution of Means, the judge's "bottom line"—a guidelines sentence far less severe than that of the leading conspirator—may be reasonable. And he may decide to reimpose it after considering the factors urged by Cunningham's lawyer. All that remains for the future. The inadequate explanation for the sentence precludes our affirmance.

VACATED AND REMANDED FOR RESENTENCING.

A true Copy:

   Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

USCA-02-C-0072—11-14-05