**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 14, 2005
Decided January 18, 2006

**Before**

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-1010

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 00 CR 824 |
| CARLOS LEAON WESLEY, *Defendant-Appellant.* | Robert W. Gettleman, *Judge*. |

## O R D E R

Carlos Leon Wesley was convicted of three counts of bank robbery, for which the district court sentenced him to 57 months of imprisonment and three years of supervised release. On September 2, 2005, we ordered a limited remand to the district court, pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), to determine whether that court would have imposed the same sentence had it understood that the guidelines were advisory. After considering the factors in 18 U.S.C. § 3553(a), the district court determined that it would have imposed the same sentence under an advisory guidelines regime. The court stated that the sentence imposed "appropriately accounts for the seriousness of the offenses (three bank robberies), promotes adequate deterrence for this defendant and other would-be bank robbers, and is reflective of defendant's background and character."

Wesley argues that this explanation is inadequate under *United States v. Cunningham,* 429 F.3d 673 (7th Cir. 2005), which precludes affirming a district court's sentence when the record does not provide us with adequate assurance that the judge has given meaningful consideration to the § 3553(a) factors. We agree that the judge's response was terse, and that a longer response would have been desirable. However, as we stated in our recent decision *United States v. Brock*, —F.3d— (7th Cir. 2006), 2006 WL 39050, at *7 (7th Cir. Jan. 9, 2006), "Although it is preferable that a district court give a thorough explanation of its consideration of [the § 3553(a)] factors in its order on remand, this is not mandated." We are satisfied here that the district court adequately considered the parties' arguments and the relevant § 3553(a) factors.

Because the district court would have imposed the same sentence knowing that the guidelines were advisory, and because we determine that sentence was reasonable, we conclude that Wesley's sentence was not the result of plain error. Accordingly, we AFFIRM the judgment of the district court.