**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

February 14, 2006

*Before*

**Hon. William J. Bauer,** *Circuit Judge*

**Hon. Diane P. Wood,** *Circuit Judge*

**Hon. Ann Claire Williams,** *Circuit Judge*

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] Appeals from the United |
| Plaintiff-Appellee, | ] States District Court for |
| | ] the Northern District of |
| Nos. 04-1176, 04-1231 | ] Illinois, Eastern |
| and 04-2009 v. | ] Division. |
| | ] |
| ZACHARY JENKINS, KEVIN REED | ] No. 02 CR 236 |
| and ANTOINE HILL, | ] |
| Defendants-Appellants. | ] Elaine E. Bucklo, Judge. |

O R D E R

We ordered a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), to determine whether the district court would have imposed the same sentences on Kevin Reed, Antoine Hill and Zachary Jenkins had it understood that the Sentencing Guidelines were advisory. In an order dated December 15, 2005, the district judge determined that she "would not have imposed a sentence of 360 months imprisonment on either Kevin Reed or Antoine Hill." In a separate order issued the following day, the district judge concluded that she would have imposed the same sentence on Zachary Jenkins, finding that "[t]he Guideline sentence reasonably takes into account his role as a supplier of drugs, his background, the need for deterrence and punishment and the other factors required to be considered under 18 U.S.C. sec. 3553."

The parties were invited to file simultaneous memoranda addressing the appropriate disposition of these appeals in light of the district court's determinations.  Everyone except Kevin Reed responded.

The government suggests that the sentences of Reed and Hill should be vacated and their cases remanded to the district court for resentencing as that court has requested, and Hill concurs.  We agree that this disposition is appropriate.

Jenkins argues that the district judge's explanation as to his sentence is inadequate under *United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005), which precludes affirming a district court's sentence when the record does not provide adequate assurance that the judge has given meaningful consideration to the § 3553(a) factors.  The government, on the other hand, claims that the district judge properly responded to our order.  We agree that the district judge's response to our limited remand was terse, and that a fuller explanation would have been desirable.  But as we said in *United States v. Brock*, No. 03-2279, slip op. at 14 (7th Cir. January 9, 2006), "Although it is preferable that a district court give a thorough explanation of its consideration of [the § 3553(a)] factors in its order on remand, this is not mandated."  We are satisfied here that the district court adequately considered Jenkins' arguments and the relevant § 3553(a) factors from our review of the record and see no reason why Jenkins' sentence would be deemed unreasonable in post-*Booker* practice.  Accordingly,

IT IS ORDERED that the sentences of Reed and Hill are VACATED and their cases are REMANDED to the district court for resentencing, and that the sentence of Jenkins is AFFIRMED.