United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30925
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE TREMAINE GANT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(6:03-CR-60046-5)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Terrance Tremaine Gant appeals the sentence imposed following his guilty plea to conspiracy to possess and distribute cocaine and cocaine base. Relying on United States v. Cunningham, 429 F.3d 673 (7th Cir. 2005), he contends that the district court erred as a matter of law in (1) imposing an unreasonable guidelines sentence under the facts of his case and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2) doing so without first considering, in response to his request for a sentence below the applicable range, whether a guidelines sentence actually conformed to the statutory factors set forth in 18 U.S.C. § 3553.

We review sentences imposed post-Booker,[1] only for "unreasonableness." United States v. Mares, 402 F.3d 511, 518 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005) (internal quotation marks and citation omitted). Gant does not dispute that his sentence fell within a correctly calculated guidelines range, and thus is presumptively reasonable. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). As our review of the sentencing transcript reveals that the district court meaningfully considered the § 3553 factors in fashioning Gant's sentence, he has not rebutted that presumption. See id. Gant's reliance on Seventh Circuit authority is therefore unpersuasive.

AFFIRMED.

---

[1] United States v. Booker, 543 U.S. 220 (2005).