

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2007

# USA v. Estep

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2389

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Estep" (2007). *2007 Decisions.* Paper 947.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/947

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2389

UNITED STATES OF AMERICA

v.

CHRISTOPHER D. ESTEP, Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 05-cr-00419)
District Judge: Honorable William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2007

Before: SLOVITER and AMBRO, Circuit Judges, and POLLAK,[*] District Judge

(Opinion filed June 13, 2007)

OPINION

---

[*] Honorable Louis H. Pollak, Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

POLLAK, District Judge:

Christopher Estep pled guilty in the United States District Court for the Middle District of Pennsylvania[1] to a single count of possessing child pornography. He now appeals from his 97-month prison sentence, arguing that the sentence cannot be found "reasonable" because the record does not reflect that the District Court gave "meaningful consideration [to] the sentencing factors set forth in 18 U.S.C. § 3553(a)." *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006). For the reasons set forth below, we are not persuaded by Estep's view of the record in this case, and we will affirm.

## I.

In early 2005, an undercover FBI operation revealed that Estep was receiving and transmitting child pornography on two computers belonging to the Huntingdon Area School District in Huntingdon, Pennsylvania, where he worked as a middle-school and high-school guidance counselor. According to the Presentence Investigation Report (PSR) prepared by the United States Probation Office, Estep "admitted transmitting child pornography on approximately forty to fifty occasions throughout the school year," and handwritten notes found in Estep's office "contained a log of the screen names of numerous people with whom he traded child pornography." Further, "[a] review of the computers revealed approximately sixty images of child pornography . . . and included images of prepubescent minors or minors under the age of twelve, and images that

_____

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). *See United States v. Grier*, 475 F.3d 556, 561 (3d Cir. 2007) (en banc).

2

portrayed sadistic or masochistic conduct and other depictions of violence." Estep was subsequently charged with and pled guilty to one count of possession of child pornography in violation 18 U.S.C. § 2252A(a)(5)(B).

Estep did not lodge any objections to the PSR and did not challenge the PSR's calculation of an advisory guidelines range of 97–120 months. However, Estep filed a detailed sentencing memorandum in which he argued that the behavior admitted was entirely out of character for him; that it had resulted in large part from depression and from the fact that "[h]is inhibitions were down as a result of excessive drinking"; and that he had "come to his senses and sought help" after his activities were discovered and had "turned his life around." For these reasons, Estep contended that 18 U.S.C. § 3553 required a below-guidelines sentence, because a sentence below the 97–120 month advisory range would be "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), to achieve the statutory purposes of sentencing.

Estep's memorandum further analyzed the § 3553 sentencing factors, specifically the "history and characteristics of Christopher Estep" (emphasizing Estep's education, employment, supportive family, and post-offense treatment); the "nature and circumstances of the offense" (emphasizing the "downward spiral" created by Estep's descent into alcoholism); and the "need for the sentence imposed to promote certain statutory objectives" such as deterrence and protecting society from further crimes by the defendant (arguing that "Estep is not a pedophile" and citing a psychologist's report stating that his criminal conduct was "atypical" and that he presented a "low risk for

3

future sexual misconduct").

At the April 12, 2006 sentencing hearing, the District Court first received supportive testimony from Estep's pastor.[2]  The judge then informed defense counsel that he had "studied and read thoroughly your sentencing memorandum . . . so we're now prepared to proceed with sentencing."  Defense counsel spoke briefly, stating that she was "certain that [the court had] reviewed my sentencing memorandum," and reemphasizing Estep's lack of a criminal record and the contention that Estep's involvement with child pornography was short-lived, completely out-of character, and fueled by untreated alcohol dependency.  Estep then made a statement in which he admitted guilt ("[t]his is disgusting and foul, and I did it") and stated that he didn't want to "waste the Court's time" by offering "mitigating circumstances" and that he "probably d[id]n't deserve any mercy."  Nevertheless, Estep stated his desire to eventually put his life back in order, "find work and be able to provide for [his wife] again," and asked the court "not to maybe throw the entire book at me."

Government counsel then presented its response to the arguments made in Estep's

---

[2] According to the government, "[p]rior to the sentencing hearing, the district court had both counsel and the probation report to his chambers.  The court stated *inter alia* that he had read defense counsel's sentencing memorandum and accompanying exhibits and . . . that he intended to impose a sentence below the calculated guideline range."  Estep does not make mention of the meeting.  Assuming it occurred, this meeting would appear to have been conducted off-the-record, as it is not reflected in the record before us or on the District Court docket.  However, we note that the government's account is consistent with remarks made at the on-the-record hearing, specifically the government's request that the court "take a look at [the pornographic images in question] if you are considering going below the guidelines."

4

sentencing memorandum and at the hearing, arguing for a within-guidelines sentence. The government emphasized the seriousness of the crime; that Estep was employed as a middle-school and high-school guidance counselor at the time of the offense; that the offense involved "trading[] child pornography during school hours on a school computer"; and that Estep was drinking heavily, at work, in a school, while committing the offense. The government also noted that Estep was in treatment for alcoholism and depression, but was not in treatment to "cure whatever urges he had" to "download[] child pornography." Describing the images traded by Estep as "filthy[ and] disgusting," the government stressed the effect of appellant's crime on the child victims who were "sexually abused during the production of the images." Finally, government counsel asked the court—if it was considering a below-guidelines sentence—first to review a binder containing copies of the pornographic images possessed and traded by Estep. *See supra* note 2.

Stating that it felt "an obligation to look at th[is] material," the court adjourned the hearing for approximately ten minutes in order to examine the images and other materials *in camera*. After reconvening the hearing, the court delivered its reasoning and sentence:

> This is a very difficult case, obviously, because there's something to be said on behalf of the defendant who has had no prior involvement with the law, but I also have to consider the seriousness with which the law considers child pornography. It's hard for me as a person to understand how anybody can be interested in that sort of thing, and it's very disgusting.
> But I think, as has been pointed out by [the government attorney], [the probation officer]'s comment in the presentence report about the true victims of this crime are children, and the only way that this is ever going to end is for people to understand the seriousness of trading and passing this

5

stuff on which just perpetuates the offense.

I, therefore, conclude that the Government is justified in asking for a sentence within the sentencing guideline range.

The court then sentenced Estep to 97 months, recommended "that the defendant be evaluated for participation in the sex offender treatment program at FCI Butner," and imposed a fine and other conditions of sentence not challenged on appeal.

## II.

On appeal, Estep argues that the District Court "fail[ed] to properly explain on the record the rationale for imposing a 97-month sentence," as required under "*Booker*,[3] this court's decision in [*United States v.* ]*Cooper*, and 18 U.S.C. § 3553." Specifically, he argues that the District Court failed to "articulat[e] how Estep's sentence reflected meaningful consideration of the § 3553(a) sentencing factors." The government counters that the District Court "adequately consider[ed] the [§ 3553(a)] factors . . . and explain[ed] the reasons for the sentence imposed."

Post-*Booker*, "the Supreme Court direct[s] appellate courts to review sentences for reasonableness . . . . guided by the factors set forth in 18 U.S.C. § 3553(a),[4] the same

---

[3] *See United States v. Booker*, 543 U.S. 220, 245 (2005) (severing and excising the statutory provision which had theretofore made the United States Sentencing Guidelines mandatory and "mak[ing] the Guidelines effectively advisory").

[4] (a) **Factors To Be Considered in Imposing a Sentence.** . . . The court, in determining the particular sentence to be imposed, shall consider—
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed—
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

6

factors the Court direct[s] district judges to consider when sentencing defendants under

the advisory guidelines." *Cooper*, 437 F.3d at 327. This reasonableness review proceeds

in two steps.

In the first step, the reviewing court must satisfy itself that the district court

actually exercised its sentencing discretion. *Id.* at 329. To this end, "[t]he record must

demonstrate the trial court gave meaningful consideration to the § 3553(a) factors." *Id.*[5]

We have emphasized that this test is not a mechanical one; rather, it should reflect the

district court's consideration of the record as a whole. Therefore, while "a rote statement

of the § 3553(a) factors" will not always be sufficient evidence of the district court's

"meaningful consideration" of those factors, it is also the case that "[t]he court need not

discuss every argument made by a litigant if an argument is clearly without merit . . . [or]

---

(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced[;]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.
18 U.S.C. § 3553(a).

[5] *Cf. United States v. Webb*, 403 F.3d 373, 385 n.8 (6th Cir. 2005) ("Post-*Booker*, we continue to expect district judges to provide reasoned explanation for their sentencing decisions in order to facilitate appellate review.").

7

discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Id.* (citations omitted).

Assuming the reviewing court is satisfied that the district court exercised its sentencing discretion by giving meaningful consideration to the § 3553(a) factors, the second step of the reviewing court is to "ascertain whether those factors were reasonably applied to the circumstances of the case." *Id.* at 330. "In doing so, we apply a deferential standard, the trial court being in the best position to determine the appropriate sentence in light of the particular circumstances of the case." *Id.* at 330 & n.8. "Appellant[] . . . bear[s] the burden of proving the unreasonableness of [his] sentence[] on appeal." *Id.* at 332.

**III.**

Estep focuses exclusively on the first phase of our reasonableness review, arguing that the District Court did not produce a record of its reasoning sufficient to allow proper review by this panel. It is, of course, true that a district court's consideration of the sentencing factors and arguments of counsel may not be conducted wholly within the recesses of the judge's mind. Otherwise, the sentencing judge could simply "have a stamp that said 'I have considered the statutory factors,' which he placed on every guidelines sentence that he imposed." *United States v. Cunningham*, 429 F.3d 673, 676 (7th Cir. 2005). But the record in this case shows that the court did not merely "rubber stamp" Estep's sentence. To the contrary, the record, viewed as a whole, shows that the court heard and gave meaningful consideration to both the defendant's and the

government's arguments before exercising its discretion by imposing a within-guidelines sentence. *Cf. Cooper*, 437 F.3d at 331 ("[A] within-guidelines range sentence is more likely to be reasonable than one that lies outside the advisory guidelines range.").

Although the District Court's final statement of reasons was relatively brief, when read in the context of the full proceedings it is sufficient to establish that the court gave meaningful consideration both to appellant's arguments and to the factors set forth by § 3553(a).[6] The court was clearly familiar with the "history and characteristics of the offender," 18 U.S.C. § 3553(a)(1), and in some sympathy with Estep's claim that he was a generally upright citizen who had, for a short time, gone horribly astray. However, the court found these considerations to be less important to its decision than the need for the sentence to reflect the seriousness of Estep's crime, to promote respect for the law, and to provide effective deterrence. *See id.* § 3553(a)(2)(A), (B). In addition, the court considered the applicable guidelines range as required by § 3553(a)(4) and found that a sentence at the bottom of that range was appropriate. Finally, the court's recommendation that appellant be evaluated for participation in a particular FCI Butner treatment program indicates that the court considered "the kinds of sentences available" and the "need . . . to provide the defendant with . . . correctional treatment in the most

---

[6] *Cf. Cooper*, 437 F.3d at 330 n.8 ("We are well aware that . . . [d]istrict judges normally deliver their decisions on sentencing from the bench, just after, and sometimes in the course of, the presentation of numerous arguments and even evidence as to the permissible range and proper sentence. These often spontaneous remarks are addressed primarily to the case at hand and are unlikely to be a perfect or complete statement of all of the surrounding law." (internal quotation marks omitted)).

effective manner." *See id.* § 3553(a)(3), (a)(2)(D).

In sum, this is not a case where we are concerned that the District Court succumbed to "the temptation to a busy judge to impose the guidelines sentence and be done with it, without wading into the vague and prolix statutory factors." *Cunningham*, 429 F.3d at 679. Rather, the record here demonstrates that the District Court "wad[ed] into" the pool of considerations urged upon it by the parties and exercised its discretion by balancing those considerations and determining an appropriate sentence. *See id.* at 676 ("[I]t is enough that the record confirms that the judge has given meaningful consideration to the section 3553(a) factors, and the record supplies us with that assurance here." (emphasis and internal quotation marks omitted)); *see also Cooper*, 437 F.3d at 329 (requiring that "the record makes clear the court took the [relevant] factors into account in sentencing"). Estep has not met his burden of proving that the sentence imposed by the District Court was unreasonable.

\* \* \* \* \*

For the reasons set forth above, we affirm the sentence imposed by the District Court.