NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 18, 2008
Decided December 17, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-3653

| | |
|---|---|
| UNITED STATES OF AMERICA, | United States District Court for the |
| *Plaintiff-Appellee*, | Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 06 CR 316 |
| ROBERT SKINNER, | |
| *Defendant-Appellant*. | Blanche M. Manning |
| | *Judge.* |

## O R D E R

Robert Skinner pleaded guilty to two counts of sexual exploitation of a child, *see* 18 U.S.C. § 2251(a), and was sentenced to a total of 60 years' imprisonment. He challenges his sentence on appeal, arguing that the district court ignored his principle argument at sentencing, that a psychological evaluation showed that he was unlikely to reoffend. Because the record does not establish that the district court adequately considered Skinner's argument, we vacate and remand for a new sentencing

Skinner repeatedly engaged in sex acts with a minor. He videotaped and photographed some of those acts when the victim was eleven years old, and he also attempted to groom another minor to participate in sex acts. Skinner was indicted on six counts of using a minor to produce a video or photos of sexually explicit conduct, and pleaded guilty to two counts. The government proffered at sentencing, without contradiction, that the video demonstrated that the victim was in pain, that Skinner's conduct was part of a continuing pattern, and that the victim suffered extreme psychological trauma.

Based on the undisputed facts, the district court calculated a guidelines imprisonment range encompassing both counts of conviction and arrived at a total offense level of 43. That yielded a guidelines range of life imprisonment, which was reduced to a total of 60 years, the effective statutory maximum if the terms on the two counts were run consecutively. *See* 18 U.S.C. § 2251(e), U.S.S.G. § 5G1.1(a). Skinner concedes that the guidelines were applied correctly.

Skinner, though, argued both in a written memorandum and at sentencing that he should receive a below-range sentence because, he asserts, his likelihood of recidivism is low. He attached to his sentencing memorandum an evaluation from a clinical psychologist, Orest Wasyliw, Ph.D., who interviewed Skinner, administered psychological tests, and completed two assessments, the Hare Psychopathy Checklist-Revised (PCL-R), and the Static-99 Actuarial Risk Assessment. Wasyliw concluded that Skinner suffers from paraphilia with pedophilic and ephebophilic traits (meaning that he is aroused by prepubescent and teenage children), but no other psychological disorders, that he is a good candidate for psychological treatment, and that he presents a low risk of recidivism. Based on this report, Skinner proposed a sentence of 15 years' imprisonment, the statutory minimum.

Before imposing total imprisonment four times what Skinner argued was appropriate, the district court acknowledged that Skinner did not have a prior record. The court noted, however, that Skinner had abused a very young child, filmed the abuse, and put the images on his work computer. The court contemplated the possibility that Skinner's victim will "never be the same," and concluded that in Skinner's case "the guidelines got it right." But the court said nothing about Wasyliw's conclusion that Skinner does not present a long-term risk of committing similar crimes.

That silence prompts Skinner's contention on appeal that the district court ignored his principal argument for a below-range sentence: psychological evidence confirms that he is unlikely to reoffend. We review sentences for reasonableness in light of the factors outlined in 18 U.S.C. § 3553(a), and a properly calculated guidelines sentence is presumed

reasonable. *Rita v. United States*, 127 S.Ct. 2456, 2462 (2007); *United States v. Arceo*, 535 F.3d 679, 687 (7th Cir. 2008); *United States v. Campos*, 541 F.3d 735, 750 (7th Cir. 2008). However, the district court must give "meaningful consideration" to the § 3553(a) factors. *United States v. Panaigua-Verdugo*, 537 F.3d 722, 727 (7th Cir. 2008). Although the standard of review is highly deferential, even to affirm a sentence within the guidelines range we must be able to conclude that the district court exercised its discretion; that is, that the court actually considered the § 3553(a) factors. *United States v. Schroeder*, 536 F.3d 746, 755 (7th Cir. 2008); *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). Where the district court "passes over in silence the principal argument made by the defendant even though the argument was not so weak as not to merit discussion," we cannot be confident in the judge's attention to the statutory factors. *Cunningham*, 429 F.3d at 679.

We do not have the requisite confidence in this case. It is possible that the district court considered the psychologist's report. Skinner attached the report to a memorandum he filed with the court, and his counsel referred to it at sentencing. It would have been difficult to overlook these points asserted by the defense. Perhaps the resulting sentence was an implicit rejection of those points. But the lesson of *Cunningham* is that the district court must not only consider the defendant's principal argument, but that it is necessary to make a record of that consideration sufficient to allow us to conclude the court exercised its discretion. Here, Skinner submitted a lengthy and detailed psychologist's report quite relevant to several of the 3553(a) factors as the cornerstone of his argument for leniency, and the district court "passed over in silence" that argument. This presentation was by no means trivial or frivolous. In this circumstance, the sentencing judge's silence is equivocal and does not assure us that the defendant's argument was considered and rejected.

On remand, it may be that the original sentence of 60 years' imprisonment is justified. But the district court should demonstrate, on the record, meaningful consideration of Skinner's principal contention that he presents little risk of recidivism. Accordingly, we VACATE and REMAND for resentencing.