NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 19, 2010
Decided June 1, 2010

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-1235

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Western District |
| | of Wisconsin |
| *v.* | |
| | No. 09-cr-115-bbc-3 |
| JOSE H. JIMENEZ-BETANCOURT, | |
| *Defendant-Appellant*. | Barbara B. Crabb, |
| | *Chief Judge*. |

**O R D E R**

In April 2009, Jose Jimenez-Betancourt was arrested in Kentucky for cashing stolen payroll checks. He pled guilty in state court to crimes of fraud and theft and was sentenced on September 15, 2009, to three years in Kentucky state prison. While awaiting his state sentence, Jimenez-Betancourt was also indicted in federal court in the Western District of Wisconsin for cashing stolen checks in that state. There, he pled guilty to two counts of bank fraud. Having already served nearly nine months in Kentucky, he was sentenced on January 15, 2010, to fourteen months in federal prison, to run concurrently with the remainder of his state sentence. He now appeals that federal sentence. We affirm.

The district court properly calculated Jimenez-Betancourt's guideline sentence range.

His base offense level was seven. Jimenez-Betancourt's intended loss in Wisconsin was $43,292.63; adding the intended loss in Kentucky increased the figure to $61,070.66. Both numbers called for the district court to apply the six-level enhancement for intended losses greater than $30,000 but less than $70,000. Subtracting two levels for acceptance of responsibility, the court came to a total offense level of eleven. Jimenez-Betancourt does not dispute that this calculation was proper. He also concedes that he was ineligible for a time-served credit under U.S.S.G. § 5G1.3(b) because adding his intended loss from his Kentucky crimes to his intended loss from his Wisconsin crimes did not change his offense level.

Nevertheless, Jimenez-Betancourt argues that the district court was unreasonable in failing to exercise its discretion under 18 U.S.C. § 3553(a) to give him credit for time served anyway. He cites *United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005), for the proposition that a district court must explain why it declined to exercise its discretion to vary from the guidelines range, and argues that the district court's explanation here was insufficient.

We disagree. To begin with, Jimenez-Betancourt's argument for a variance was not particularly compelling. His objections to the presentence report essentially argued that the district court should read out of the guideline the requirement that his offense level went up because of his Kentucky conduct, but offered no reason why it would be unfair in this case to follow the guideline. Nor did he argue that the guideline is facially unreasonable and would be unfair in any case.

At the sentencing hearing, Chief Judge Crabb considered and rejected Jimenez-Betancourt's argument: "I know that you think you should be given credit for the time you have spent in state custody . . . . Your conviction in Kentucky accounts for only a portion of the scheme in which you were involved, however." We might hope for a more thorough explanation, and the fact that the court went on to mention the guideline calculation again muddies the water a bit. Still, we are confident that the district court understood well that it had the discretion to impose a sentence outside the properly calculated guidelines range and declined to exercise that discretion. Its decision not to subtract the time served was neither an oversight nor a "rote statement," but rather a case-specific conclusion that Jimenez-Betancourt's Wisconsin conduct was distinct enough to justify a separate term in federal prison regardless of time served in Kentucky. That due consideration is all that we require. See *Cunningham*, 429 F.3d at 679.

The defendant's sentence is **AFFIRMED.**