**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0005n.06

No. 13-6076

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 07, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| MITCHELL CLARK, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| | ) | |

---

**Before: MOORE and COOK, Circuit Judges, and GWIN, District Judge.**[*]

**KAREN NELSON MOORE, Circuit Judge.** Mitchell Clark appeals his sentence of twelve months in prison following violation of the terms of his supervised release. He argues that his sentence is both procedurally and substantively unreasonable because the district court impermissibly focused on rehabilitative and specific deterrence goals and failed to consider that an alternative to incarceration would be most beneficial to Clark as he struggled to break his pattern of substance abuse. For the following reasons, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

In 2009, Clark was convicted under 18 U.S.C. § 922(g) for being a felon in possession of a firearm. R. 30 (Pet. for Warrant or Summons) (Page ID # 53–54). He was sentenced to a 57-month term of imprisonment and a two-year term of supervised release. *Id.* On August 29, 2012, his term

---

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

of supervised release began. While on supervised release, Clark completed a one-month inpatient treatment program to address his history of addiction. R. 57 (Supervised Release Violation Hr'g Tr. at 18) (Page ID #109) [hereinafter "Hr'g Tr."]. He also began regularly to attend Alcoholics Anonymous meetings. *Id.*

On May 20, 2013, the government filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") after Clark pleaded guilty to possession of a controlled substance in state court. R. 30 (Pet. for Warrant or Summons) (Page ID # 53–54). The Petition listed several violations of the conditions of Clark's supervised release: commission of a new crime, failure to notify the probation officer of his arrest, failure to report to scheduled probation appointments, and failure to participate in substance-abuse treatment and mental-health counseling. *Id.* On August 12, 2013, the district court held a hearing regarding the supervised-release violations. Clark admitted his guilt as to each of the violations charged in the Petition. R. 57 (Hr'g Tr. at 10–14) (Page ID #101–05).

The probation office calculated the appropriate sentencing range for Clark's violation of supervised release at twelve to eighteen months. *Id.* at 15 (Page ID #106). Based on Clark's history of violating the terms of supervised release and probation, the government recommended a twelve-month sentence. *Id.* at 16 (Page ID # 107). Clark's counsel requested that the district court hold the case in abeyance and monitor Clark's compliance with the conditions of his release for a period of time before making a sentencing decision. *Id.* at 32 (Page ID #123).

The district court imposed a sentence of twelve months of confinement. *Id.* at 40 (Page ID #131). The district court first discussed the need to impose a sentence to reflect the seriousness of the offense: "Basically Mr. Clark took himself off probation. I think he violated just about every condition of probation. . . . In this court's mind that's always serious. Any violation of supervised release probation is a serious offense." *Id.* at 35–36 (Page ID #126–27). The district court also considered Clark's history and personal characteristics, weighing the effect of Clark's support in the community against his history of consistent parole violations. *Id.* at 36–38 (Page ID #127–29). Referring to several examples of probation or parole violations identified in Clark's Presentence Report, the district court concluded that "that is an indication to me of how Mr. Clark has . . . fared being released into the community on various types of release." *Id.* at 38 (Page ID #129). Ultimately, the district court explained its decision as follows:

> As I indicated before, [Clark] has violated just about every term of probation. In this court's experience a 28-day residential program is a good start when you are dealing with true addicts. But it isn't enough to actually turn the corner. And residential drug treatment for at least six months, usually up to a year, in this court's experience, is what is necessary.
> I say all of that to say that given the nature of all of these violations, I still have to impose a sentence that reflects the seriousness of the offense and promote respect for the law. As I said, this is a very serious offense in this court's eyes.
> And Mr. Clark really has demonstrated over the years, as well as this case, has a total disrespect for the law and the controls that have been put in place.
> I have to really take into account deterrence because of so many violations in the past and the violations in this case, there is a need for deterrence. And really have to protect the public from further crimes of the defendant, that's a lesser consideration, I mean, there was an additional crime but it was a drug case that ultimately resulted in a misdemeanor conviction.
> . . . .
> I'm going to impose a sentence of 12 months [of] confinement. . . . I think that takes into account, it's an adequate sentence given all of the circumstances

> presented to me today, the positives and the negatives, I think it accomplishes all the goals of guidelines as well as sentencing statutes and the factors that I have to take into account when considering supervised release violations.

*Id.* at 38–40 (Page ID #129–31). Clark's counsel objected, arguing that a period of incarceration would be detrimental in Clark's struggle to break his addictions because it would remove him from his support group. She noted that Clark had successfully completed an intensive inpatient program while on supervised release and that he was regularly attending support group meetings. *Id.* at 41–42 (Page ID #132–33). The court responded to the objection as follows:

> . . . I've considered all of those things.
> There is other information contained in the Presentence Report, but sooner or later it has to come to an end. You're right, some people it just takes a few meetings with alcohol or narcotics anonymous. Some people it takes 28-day treatment program, outpatient, some it's inpatient, some never come to grips with the problem and are addicts and users and binge users to the day they die, and I . . . realize that.
> And so what you say in that way is correct. But when I look at the full circumstances, the information in the Presentence Report, the information in the violation, his history, the things that I've heard today, I've come to the inescapable conclusion of what's best in this circumstance, Mr. Clark's circumstance is a period of incarceration.
> If he is truly going down that road, there are resources in the Bureau of Prisons that he can take advantage of. But his actions that he has demonstrated over the years now indicates that his around and around thing of getting into trouble, convincing whatever—at whatever level, judges, to place him on probation or supervised release, however he gets it. Constantly violating the terms of probation, you know, those things have to come to an end.

*Id.* at 43–44 (Page ID #134–35). Clark filed this timely appeal.

## II. ANALYSIS

We review the reasonableness of sentences, including supervised-release revocation sentences, under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007);

*United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007). Our review of a sentence proceeds in two stages: First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. Second, if we determine that the sentence is procedurally reasonable, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

## A. Procedural Reasonableness

Clark asserts that the district court committed two procedural errors: (1) it based Clark's sentence on the erroneous fact that Clark would have access to substance-abuse treatment in prison and (2) it failed to account for disparities between Clark's sentence and the sentences of similarly situated defendants. Both arguments are without merit.

First, Clark argues that the district court erred because it based his sentence on the mistaken factual belief that "there are resources in the Bureau of Prisons that [Clark] can take advantage of" to treat substance abuse. R. 57 (Hr'g Tr. at 43) (Page ID #134). Citing a report released by the Federal Bureau of Prisons, Clark argues that he will not be able to access substance-abuse treatment

in prison because the twelve-month sentence he received is not long enough to make him eligible for intensive residential drug-abuse treatment. *See* Federal Bureau of Prisons, *Annual Report on Substance Abuse Treatment Programs Fiscal Year 2011* 6–7 (2011) [hereinafter, "Annual Report"]. To the contrary, although Clark will not be eligible for his preferred intensive residential program, the Bureau of Prisons also offers a non-residential program targeted at several discrete prison populations, including "[i]nmates with a drug use disorder who do not have sufficient time remaining on their sentence to complete the intensive Residential Drug Abuse Treatment Program." Annual Report at 5. Therefore, the district court's factual belief that drug abuse treatment would be available to Clark in prison was accurate, and the district court did not err by referring to the availability of such treatment.

Second, Clark's argument that the district court erred by failing to consider the disparities between his sentence and the sentences of two other defendants represented by his attorney in unrelated cases also lacks merit. In arguing for an alternative to incarceration, Clark's counsel advised the district court that she represented two other defendants in similar circumstances whose cases had been held in abeyance so that the district court could monitor the defendants' compliance with release conditions. R. 57 (Hr'g Tr. at 32) (Page ID #123). Clark asserts that the district court erred by failing to address his argument that his sentence was disparate from these similar defendants.[1] One of the sentencing factors a district court must consider is "the need to avoid

---

[1]Clark also directs our attention to data demonstrating that other jurisdictions have successfully implemented programs promoting alternatives to incarceration for low-level drug offenders. But this data is not relevant to the issue before us: That Clark might be successful in

unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). However, this factor is not a directive to consider similarities between codefendants or other specifically identified defendants; rather, "this factor concerns *national* disparities between defendants with similar criminal histories convicted of similar conduct." *Conatser*, 514 F.3d at 521.

We have noted that § 3553(a)(6) "is an unconventional ground for challenging a *within-guidelines* sentence." *United States v. Swafford*, 639 F.3d 265, 270 (6th Cir. 2011). In *Swafford*, we explained that:

> The point of the guidelines is to decrease sentencing disparities, an objective *furthered* by a within-guidelines sentence, as opposed to a sentence that varies above or below the advisory guidelines range. The very thing Swafford presumably wants—a below guidelines sentence—is more likely to create disparities than eliminate them.

*Id.* Accordingly, we find no merit to Clark's argument that the district court failed properly to consider disparities between defendants by imposing a within-guidelines sentence. Nor was the district court's failure to discuss explicitly his reason for selecting a sentence that differed from other defendants error: "'A sentencing judge has no more duty than we appellate judges do to discuss every argument made by a litigant; arguments clearly without merit can, and for the sake of judicial economy should, be passed over in silence.'" *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (quoting *United States v. Cunningham*, 429 F.3d 673, 678 (7th Cir. 2005)).

---

complying with the conditions of an alternative sentence does not prove that the district court abused its discretion in ordering a term of imprisonment.

The record demonstrates that the district court considered both the § 3553(a) factors and Clark's argument to hold his case in abeyance. The district court merely weighed the factors in a manner different than that preferred by Clark. We find no procedural error in the district court's decision to accord substantial weight to the seriousness of Clark's pattern of supervised-release and parole violations and to impose a term of confinement. *See Bolds*, 511 F.3d at 582.

## B. Substantive Reasonableness

Because we find no procedural error, we next assess whether the sentence imposed is substantively reasonable. As an initial matter, we note that Clark's sentence is within the appropriate Guidelines range, and is thus entitled to a presumption of reasonableness. *Conatser*, 514 F.3d at 520. Nonetheless, Clark claims that the district court erred in two ways that render his sentence substantively unreasonable: (1) it based its decision on the impermissible consideration of Clark's need for rehabilitative programming and (2) it weighed the need for specific deterrence too heavily at the expense of other relevant sentencing factors.

First, Clark argues that the district court decided on a twelve-month sentence of imprisonment because it believed that an extended treatment program of the kind available in prison was necessary to treat Clark's substance-abuse problems. Clark selects unrelated statements from different sections of the sentencing hearing to construct the false conclusion that the court based its decision to imprison Clark on the availability of substance-abuse treatment in prison. The mere discussion of rehabilitative programming in prison does not support an inference that the district court impermissibly considered a defendant's rehabilitative needs when imposing a sentence. "A

court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." *Tapia v. United States*, 131 S. Ct. 2382, 2392 (2011). What a sentencing court may not do is impose a term of imprisonment longer than necessary to ensure that an offender has adequate time to complete a rehabilitative program in prison. *Id.* at 2393. We cannot find any indication in the record that the district court performed such impermissible calculations in this case.

When considered in context, none of the district court's statements made at the sentencing hearing suggest that he imposed a period of incarceration *because* Clark could benefit from treatment resources available in prison. The district court opined that Clark would be best served by an extended treatment program of six months to one year to explain why Clark was not an appropriate candidate for probation: the district court was unconvinced that Clark's completion of a 28-day program indicated that he had broken his history of addiction and was ready to succeed on probation. Likewise, the district court's reference to treatment options available in prison merely responded to defense counsel's concern about interrupting Clark's recovery by removing him from the network of support he had created outside of prison. A complete review of the hearing transcript reveals that the district court's decision was based primarily on Clark's extended history of violating the terms of supervised release and parole: "[G]iven the nature of all of these violations, I still have to impose a sentence that reflects the seriousness of the offense and promote[s] respect for the law. As I said, this is a very serious offense in this court's eyes. And Mr. Clark really has demonstrated over the years, as well as this case, [that he] has a total disrespect for the law and the controls that

9

have been put in place." R. 57 (Hr'g Tr. at 39) (Page ID #130). Therefore, we conclude that the district court did not impermissibly consider Clark's rehabilitative needs when determining an appropriate sentence.

Finally, Clark argues that the district court erred by giving unreasonable weight to a single sentencing factor: specific deterrence. Clark argues that the court should have also considered that an unduly harsh punishment would undermine general deterrence sentencing goals by dissuading other defendants from voluntarily seeking inpatient treatment. Appellant Br. at 19. To the contrary, considering Clark's long-standing pattern of violating the conditions of supervised release and parole, the district court reasonably gave significant weight to the need for specific deterrence. *Cf. United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (finding no error when the district court heavily considered the need for general deterrence and retribution because the defendant had an extensive history of drug trafficking). And we find that the district court's explanation references several § 3553(a) sentencing factors, including the seriousness of the offense, Clark's characteristics, and the protection of the public, in addition to deterrence. R. 57 (Hr'g Tr. at 39) (Page ID #130). Clark's assertion that the district court gave too much weight to specific deterrence "ultimately boils down to an assertion that the district court should have balanced the § 3553(a) factors differently, [and thus] it is simply beyond the scope of our appellate review." *Sexton*, 412 F.3d at 332 (internal quotation marks omitted).

There is no indication that the district court either considered inappropriate factors or weighed any permissible factor too heavily. Therefore, Clark has not overcome the presumption that his within-guidelines sentence is substantively reasonable.

### III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.