In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-1278

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DANIEL SPITZER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 10 CR 651 — **James B. Zagel**, *Judge.*

ARGUED FEBRUARY 8, 2016 — DECIDED FEBRUARY 10, 2016

Before POSNER, EASTERBROOK, and HAMILTON, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Daniel Spitzer pleaded guilty to ten counts of mail fraud, confessing liability for a scheme that took in about $106 million—all of which Spitzer promised to invest for his clients' benefit—but returned only $72 million or so to investors. Less than $30 million ever was invested. The remainder was used, after the fashion of Ponzi

schemes, to pay earlier investors, or was siphoned off by Spitzer and others.

The presentence report calculated a Guideline range of 292 to 365 months' imprisonment, which flowed from an offense level of 40 and a criminal history category I. The base offense level was 7. See U.S.S.G. §2B1.1(a)(1). A loss of approximately $34 million added 22 levels, and the existence of more than 250 victims added a further six. The PSR proposed two levels for use of sophisticated means, two because Spitzer personally took more than $1 million out of the kitty, and another four because Spitzer claimed to have acted as an investment adviser. Take three off for acceptance of responsibility, and the result is level 40.

At sentencing, Spitzer's lawyer contested this calculation by asking that the loss be reduced to account for the fact that more than $70 million was returned to investors, some of whom were made whole, and $30 million of the $106 million was invested (at least for a time). But as $34 million represents investors' net loss, it is hard to see how any further reduction could be taken. See *United States v. Walsh*, 723 F.3d 802, 807–09 (7th Cir. 2013). The loss for Guidelines purposes might have been reduced if some of the $34 million had been attributable to financial markets, rather than fraud, but Spitzer did not attempt to show how investors would have fared if the funds had been operated as he promised.

Some investors got out without injury, and redemption requests were honored until near the end when the funds ran out of money, but Spitzer conceded that he owes restitution of some $34 million to 458 specific persons, which made it hard to contest the enhancement for 250 or more victims. He also conceded drawing more than $1 million for himself

and claiming to be an investment adviser, and the elaborate details through which the scheme was operated attest to sophisticated means. The district judge stated that he agreed with the calculation in the PSR and sentenced Spitzer to 300 months' imprisonment.

In this appeal, Spitzer does not contest the calculation of the Guideline range. Nor does he contend that a 300-month sentence is unreasonable, given that range. Spitzer also does not contend that, in selecting the 300-month sentence, the judge failed to address his principal arguments for a shorter term or overlooked any of the factors in 18 U.S.C. §3553(a). Instead, the sole appellate argument is that the judge did not explain in more detail why he agreed with the PSR's conclusion that offense level 40 applies. Yet as Spitzer does not contend that the PSR is *wrong* in any of the steps that gets the offense level to 40, it is hard to see why an abbreviated judicial explanation could be error. A judge who agrees with the PSR's calculations can say so, without the need to repeat or re-rationalize them; the adoption of the PSR means that it speaks for the court as well as the staff. See, e.g., *United States v. O'Doherty*, 643 F.3d 209, 219 (7th Cir. 2011).

The task of determining the right sentence, given the statutory factors, demands more judgment than the task of calculating the offense level, which in a case such as this is close to mechanical. That is why we require the judge to evaluate, on the record, the defendant's substantial arguments for lenience. See, e.g., *United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005); *United States v. Ramirez-Fuentes*, 703 F.3d 1038, 1047–49 (7th Cir. 2013). By contrast, a simple statement of agreement with the PSR shows why the judge

approves the offense level that has been explained in the PSR: the judge thinks that the staff got it right.

And what would be the point of a remand? Since Spitzer does not now contend that his offense level is less than 40, all a remand could do would be to produce empty words en route to an inevitable outcome.

AFFIRMED