

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2007

# USA v. Rios

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3839

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Rios" (2007). *2007 Decisions.* Paper 267.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/267

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3839 and 06-3841

UNITED STATES OF AMERICA,

v.

RAMON CONTRERAS RIOS,

Appellant in No. 06-3839

UNITED STATES OF AMERICA,

v.

RAMON CONTRERES RIOS,
a/k/a Gilberto Rios

Ramon Contreras Rios,

Appellant in No. 06-3841

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 05-cr-00316 and 06-mc-00131)
District Judge: Hon. Yvette Kane, Chief District Judge

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 26, 2007

1

(Filed: November 5, 2007)

_____

OPINION

_____

COWEN, <u>Circuit Judge</u>.

Ramon Contreras Rios appeals from his criminal sentences. He contends that his sentences were unreasonable and that they constitute cruel and unusual punishment. We will affirm.

I.

Rios was sentenced by the United States District Court for the District of Utah to sixty (60) months imprisonment to be followed by five years of supervised release for possession with intent to distribute cocaine as well as aiding and abetting. He was deported to Mexico. Before his five-year period of supervised release expired, Rios returned to the United States.

After his reentry into the United States, Rios was arrested for driving under the influence of alcohol ("DUI") in Gettysburg, Pennsylvania. Subsequently, he was charged with violating the terms of his supervised release from the Utah conviction[1] and unlawful reentry into the United States by a deported alien in violation of 8 U.S.C.

_____

[1] Jurisdiction was transferred from the District of Utah to the Middle District of Pennsylvania on the violation of supervised release charge.

§ 1326. After pleading guilty to these charges, the District Court sentenced Rios to fifty-seven (57) months imprisonment on the illegal reentry charge, to be followed by a consecutive six (6) month sentence on the violation of supervised release charge. This appeal followed.

II.

We have jurisdiction to review Rios' sentences for unreasonableness pursuant to 18 U.S.C. § 3742(a)(1). In reviewing a sentence, we must determine whether the sentence is reasonable under United States v. Booker, 543 U.S. 220 (2005). In determining whether the District Court acted reasonably in imposing a sentence, "we must first be satisfied the court exercised its discretion by considering the relevant [18 U.S.C. § 3553(a)] factors." United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006)(citing United States v. Cunningham, 429 F.3d 673, 679 (7th Cir. 2005)). "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors," which include the range suggested by the advisory sentencing guidelines. See id. at 329-30 (citations omitted). However, the court need not "discuss a defendant's clearly nonmeritorious arguments, or otherwise 'discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.'" United States v. Bungar, 478 F.3d 540, 543 (3d Cir. 2007)(quoting Cooper, 437 F.3d at 329). Additionally, the party challenging the sentence has the burden of proving that it is unreasonable. See Cooper, 437 F.3d at 332 (citation omitted).

3

Rios argues that his fifty-seven month sentence was unreasonable in light of the facts surrounding his reentry into the United States.[2] With respect to this sentence, the District Court stated,

> I think under all of the circumstances, the defendant's background, his reasons for reentry, the conduct in which he engaged upon reentry, all of these things suggest to the Court that the guideline range [fifty-seven to seventy-one months], while appropriate, is one that can be used to serve all of the interests, the penal interests, the need to punish the defendant, to deter any future illegal conduct, by adjusting it so that the defendant is sentenced at the very bottom of this guideline range.
> Unlike a lot of people who engage in illegal reentry, he does not appear to have been motivated by returning to engage in drug trafficking or some other illegal conduct. I think his reasons were understandable and good, but obviously, as he admits, he violated the law. So we do need to deter his future illegal conduct and future illegal attempts to reenter, but I think the 57 months certain can accomplish that goal.

(App. 29-30). The District Court's statements adequately reflect its reasoning for imposing the fifty-seven month sentence. Rios fails to satisfy his burden that this sentence was unreasonable.

Rios also asserts that the District Court's six-month sentence on the violation of supervised release charge was unreasonable. He argues that the District Court, at a minimum, should have ordered this sentence to run concurrent with his fifty-

---

[2] Rios apparently reentered the United States after finding out that the mother of his child had passed away. After her mother's death, the child's maternal grandparents took care of Rios' daughter.

seven month sentence.  In imposing this consecutive sentence, the District Court noted that it was taking into account the Section 3553 factors.  Ultimately, the District Court determined that Rios should serve some punishment for the violation of supervised release in light of the DUI, independent of his illegal reentry.  Rios again fails to satisfy his burden that this sentence was unreasonable.[3]

III.

The judgments of the District Court entered on August 9, 2006, will be affirmed.

---

[3]  We also reject Rios' argument that his sentences constituted cruel and unusual punishment.

5