**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted December 4, 2008
Decided December 5, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-3835

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 06-CR-289 |
| CORA J. CAMERON, *Defendant-Appellant.* | Rudolph T. Randa, *Chief Judge*. |

### O R D E R

Cora Cameron pleaded guilty to one count of criminal contempt of court, *see* 18 U.S.C. § 401, for violating a bankruptcy court order that prohibited her from preparing bankruptcy petitions and schedules and from accepting compensation for such preparation. She was sentenced to six months' imprisonment.  She appealed, but her appointed counsel moves to withdraw because counsel cannot discern a nonfrivolous basis for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  Cameron did not accept our invitation to comment

on counsel's submission.  We limit our review to the potential issues counsel identifies. *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Cameron could argue that the Rule 11 plea colloquy was deficient.  But, as counsel recognizes, the issue is inappropriate for appeal because Cameron does not wish to withdraw her plea.  *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel alludes to a possible issue involving ineffective assistance of trial counsel. He notes a letter that Cameron wrote to trial counsel complaining that counsel "forced" her into pleading guilty and "promised" her that pleading guilty would result in her receiving only home confinement.  If Cameron wishes to raise a claim of ineffective assistance of counsel, however, she should do so in a collateral proceeding under 28 U.S.C. § 2255 so that a record can be developed.  *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Finally, counsel considers whether Cameron could challenge the guidelines calculation, the reasonableness of her sentence, or the district court's consideration of the factors in 18 U.S.C. § 3553(a).  We presume that a sentence within a correctly calculated guidelines range is reasonable.  *See Rita v. United States*, 127 S. Ct. 2456, 2462-64 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  Here the court, with the parties' agreement, applied U.S.S.G. § 2B1.1(b)(8)(C) as the guideline for the offense most analogous to that of contempt.  *See* U.S.S.G. § 2J1.1; 18 U.S.C. § 401.  Cameron's six-month sentence falls within a properly calculated guidelines range of four to ten months, so we would presume it reasonable.  Further, the court duly considered Cameron's principal argument for a lower sentence, *see United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005), that is, her request to serve a sentence of probation or home confinement in light of her health problems.  The court rejected it on grounds that such a sentence would not promote respect for the law, and instead recommended a medical facility.  Finally, the court adequately considered the relevant § 3553(a) factors, such as Cameron's history and characteristics, the nature, circumstances, and seriousness of the offense, and the need to promote respect for the law.  *See United States v. Panaigua-Verdugo*, 537 F.3d 722, 727-28 (7th Cir. 2008).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.