**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

Argued July 8, 2010
Decided July 28, 2010

Before

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*


No. 09-3788

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Northern |
| Plaintiff-Appellee, | District of Illinois, Eastern Division. |
| v. | No. 08 CR 588-1 |
| WILLIAM FERNANDES, | **Robert M. Dow, Jr.**, *Judge*. |
| Defendant-Appellant. | |


O R D E R

William Fernandes pleaded guilty to obstruction of justice, 18 U.S.C. § 1512(c)(1), for disposing of a computer hard drive during a criminal investigation of his distribution of child pornography. He was sentenced to 78 months' imprisonment, the bottom of the guidelines range. He appeals only his sentence, arguing that the district court committed procedural error by speculating about the contents of the unrecovered hard drive, by failing to address adequately mitigating factors that he believes warranted a below-guidelines sentence, and by failing to explain the sentence sufficiently.

Fernandes challenges the sentence only for procedural error, so it is not necessary to examine the substantive reasonableness of the sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We review sentences for procedural errors under a non-deferential standard of review. *United States v. Johnson*, 534 F.3d 690, 695 (7th Cir. 2008). To avoid procedural error, a district court must calculate the advisory guidelines range correctly, apply the factors set forth in 18 U.S.C. § 3553(a), rely on properly supported facts, *United States v. Jackson*, 547 F.3d 786, 792 (7th Cir. 2008), and "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing," *Gall*, 552 U.S. at 50. When explaining the chosen sentence, a sentencing court should discuss the effect of mitigating factors when those factors have a factual basis and recognized legal merit. *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005).

Fernandes principally argues that the district court procedurally erred by speculating about additional evidence that might have been on the missing hard drive. Elaborating on this point, he contends that, because the court characterized his offense as a "hybrid of obstruction and child pornography," the court sentenced him based on unsubstantiated child-pornography accusations. (Sent. Tr. at 32:1-4.)

Contrary to Fernandes's argument, the district court did not sentence Fernandes for what may have been on the missing hard drive or as if he had been convicted of (or pleaded guilty to) a child-pornography crime. True, the court said at sentencing that Fernandes "cut a break" by destroying evidence that might have otherwise led to child-pornography charges. (Sent. Tr. at 11:4-7.) But this merely means, unremarkably, that Fernandes might have been in greater legal jeopardy had the government been able to charge him with a child-pornography crime in addition to obstruction. The record shows that the court explicitly *refused* to speculate about what may have been on the missing hard drive. And the court's description of the offense's guideline as a "hybrid of obstruction and child pornography" was apt. (Sent. Tr. at 32:1-4.) The obstruction guideline contains a cross-reference that required incorporation of the child pornography guideline. *See* U.S.S.G. § 2J1.2(c)(1).

Fernandes also argues that because the court viewed him as having received a sentencing break by avoiding a child-pornography charge, the court refused to consider whether mitigating factors warranted a below-guidelines sentence. The record again belies Fernandes's contention. The court did consider a below-guidelines sentence based on Fernandes's mitigating factors (such as his work and military history, skills,

and attempted rehabilitation from alcoholism), which it said were persuasive reasons for a lower sentence. But the court concluded that his carefully planned obstruction--he diverted government agents to his mother's home so that he could destroy all evidence on the hard drive that was stored at his sister's apartment--demonstrated a serious disregard for the law and warranted a sentence within, but at the bottom of, the guideline range. Accordingly, the court considered and balanced Fernandes's mitigating factors in formulating his sentence.

Last, Fernandes argues that the court failed to explain how his one-time destruction of evidence was characteristic of the behavior of someone deserving a within-guidelines sentence. But the court did so. It reasoned that Fernandes's actions were not the result of spur-of-the-moment decisions, or a product of drunkenness, but were "a calculated effort to mislead the agents and to have them go one way while the defendant was going the other way." (Sent. Tr. at 33:24 - 34:3.) A more comprehensive explanation is not required, *United States v. Dean*, 414 F.3d 725, 729-30 (7th Cir. 2005), because these reasons are enough to assure this court that the sentencing judge gave proper consideration of Fernandes's behavior, *see United States v. Smith*, 562 F.3d 866, 873 (7th Cir. 2009).

**AFFIRMED.**