**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2011
Decided January 9, 2012

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-2758

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 10-CR-181-BBC-01 |
| CUAUHTEMOC LUCERO-ALVAREZ, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

## O R D E R

Cuauhtemoc Lucero-Alvarez, a citizen of Mexico, was removed from the United States three times during 2009 and 2010, and each time he promptly returned. He was arrested by local police in Madison, Wisconsin, in November 2010 and turned over to federal authorities. Lucero-Alvarez pleaded guilty to being present in the United States without authorization after having been deported, in violation of 8 U.S.C. § 1326(a). He was sentenced to a prison term of 78 months. He filed a notice of appeal, but his appointed lawyer contends that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Lucero-Alvarez has not responded to counsel's submission. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Lucero-Alvarez has told his lawyer that he does not want his guilty plea vacated. Counsel therefore properly refrains from discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel does consider whether Lucero-Alvarez could raise a nonfrivolous challenge to his prison sentence. She first details the criminal convictions that landed Lucero-Alvarez in Criminal History Category V and explains why his total offense level under the guidelines was properly calculated at 22, giving him a guidelines range of 77 to 96 months' imprisonment. She then explains that the district court addressed the sentencing factors in 18 U.S.C. § 3553(a) before imposing a within-range term of 78 months. First the court announced that it would treat the imprisonment range as being the equivalent of 63 to 78 months, thereby giving Lucero-Alvarez some consideration for a proposed amendment that (when it took effect on November 1, 2011) would have lowered his offense level four levels. *See* U.S.S.G. Supp. App. C, 404–05 (2011) ("Amendment 754"). The court then discussed Lucero-Alvarez's family in the United States and his admirable decision to contact authorities upon learning that he was being sought for failure to pay child support. The court also discussed Lucero-Alvarez's drug habit, extensive criminal history, and the fact that many of his criminal convictions were uncounted for purposes of sentencing. A 78-month term of imprisonment was deemed appropriate.

Concerning the district court's analysis of the § 3553 factors, the only possible claim perceived by counsel is that the district court may have failed to confront Lucero-Alvarez's "cultural assimilation" argument "head-on." She notes that sentencing courts are expected to address arguments of "recognized legal merit," *see United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005), and that Application Note 8 to U.S.S.G § 2L1.2 advises that a below-range sentence may be appropriate in a § 1326(a) prosecution "on the basis of cultural assimilation." Factors to consider include the duration of the defendant's residence in the United States, the nature of his familial ties, the seriousness of his criminal history, and the danger he poses to the community. Counsel explains in her brief that, although the court did not say the words "cultural assimilation" when sentencing Lucero-Alvarez, the court did discuss the circumstances that would make a variance on that basis inappropriate: Lucero-Alvarez's convictions, including for domestic violence against the mother of his children, his severe drug addiction, his multiple deportations, and the danger he posed to the community. We agree with counsel that the court adequately addressed Lucero-Alvarez's cultural-assimilation argument and that any challenge to his prison sentence would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.