**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4756**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FELIX JOEL LUNA CABAN,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:15-cr-00168-JAG-1)

Submitted: April 21, 2016        Decided: April 28, 2016

Before WILKINSON, SHEDD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Acting Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Nicholas J. Xenakis, Research & Writing Attorney, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Stephen C. Dimpsey, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Felix Joel Luna Caban was convicted by a magistrate judge of violating his probation and sentenced to 10 months' imprisonment. Luna Caban appealed to the district court, which affirmed. He now appeals to this court, arguing that the sentence imposed by the magistrate judge was plainly unreasonable. We affirm.

We review a sentence imposed upon revocation of probation to determine whether it is "plainly unreasonable." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). We first determine whether the sentence is unreasonable, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). In reviewing a revocation sentence, we apply "a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for guidelines sentences." Moulden, 478 F.3d at 656 (quoting Crudup, 461 F.3d at 439). Only if we find a revocation sentence unreasonable must we determine whether it is "plainly" so. Crudup, 461 F.3d at 439.

A revocation sentence is procedurally reasonable if the court considered the policy statements in Chapter Seven of the U.S. Sentencing Guidelines Manual and the applicable 18 U.S.C.

2

§ 3553(a) (2012) factors. Moulden, 478 F.3d at 656; see 18 U.S.C. § 3565 (2012). The court must provide an adequate statement of reasons for the revocation sentence it imposes, but this statement need not be as specific or as detailed as that required in imposing an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the court stated a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440. The sentence must be "sufficient, but not greater than necessary" to satisfy the goals of sentencing. See 18 U.S.C. § 3553(a). However, "the sentencing court retains broad discretion to revoke a defendant's probation and impose a term of imprisonment up to the statutory maximum." Moulden, 478 F.3d at 657.

On appeal, Luna Caban primarily argues that the magistrate judge procedurally erred in failing to adequately address defense counsel's arguments when articulating the reasons for Luna Caban's sentence. However, we conclude the magistrate judge's statement of reasons was adequate to "provide some indication" that it "considered the potentially meritorious arguments raised by both parties about sentencing." United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006); cf. United States v. Cunningham, 429 F.3d 673, 679 (7th Cir. 2005)

3

(discussing court's failure to address defendant's arguments regarding his severe psychiatric illness and substance abuse).

The magistrate judge implicitly rejected Luna Caban's argument that extenuating circumstances justified or mitigated his violations in observing his longstanding pattern of violating court orders. The magistrate judge explicitly stated that he found no basis for the downward variance requested by defense counsel and addressed each of the relevant § 3553(a) factors. While the court placed heavy emphasis on Luna Caban's repeated noncompliance, a sentencing court is permitted to place significant weight on a single factor if, as here, it is justified by the record as a whole. See United States v. Pauley, 511 F.3d 468, 476 (4th Cir. 2007).

Luna Caban faults the magistrate judge for not acknowledging Luna Caban's financial obligations or that his incarceration would compound these financial challenges by preventing his return to work. However, the magistrate judge specifically noted that he had originally imposed a "generous" sentence precisely to permit Luna Caban to make continued payments, yet Luna Caban had failed to comply with the requirements of his release. See Montes-Pineda, 445 F.3d at 381 (addressing importance of viewing statement of reasons in context). On the whole, we conclude the magistrate judge's explanation, which was both tailored to the specific

4

circumstances of Luna Caban's case and grounded in the § 3553(a) factors, adequately demonstrated that he "considered the parties' arguments and ha[d] a reasoned basis for exercising [his] own decisionmaking authority" in rejecting Luna Caban's request for a variance. See United States v. Allmedinger, 706 F.3d 330, 343 (4th Cir. 2013) (internal quotation marks omitted).

Finally, Luna Caban argues that his sentence, which was two months below the statutory maximum, was substantively unreasonable because it was greater than necessary to satisfy the § 3553(a) factors. Our review of the record leads us to conclude that the court acted well within its broad discretion in sentencing Luna Caban to the middle of his policy statement range.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED